1 F.3d 1234
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Christopher CHRISTIAN, a/k/a Leroy,
Defendant-Appellant.
 No. 92-5292.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 11, 1993.
Decided: August 10, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., District Judge. (CR-91-230-WS)
 Michael Andrew Grace, Greeson, Grace & Gatto, P.A., Winston-Salem, North Carolina, for Appellant.
 Robert Michael Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.
 Lisa S. Costner, Greeson, Grace & Gatto, P.A., Winston-Salem, North Carolina, for Appellant.
 Robert H. Edmunds, Jr., United States Attorney, Greensboro, North Carolina, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MURNAGHAN, Circuit Judges, and G. Ross ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 The defendant pled guilty to several charges involving crack cocaine and a firearm. The defendant now appeals the trial judge's decision upholding the validity of a search warrant and the application of certain sentencing guidelines. We find no error and therefore affirm the judgment of the district court.
 
 I.
 
 2
 On August 24, 1991, vice officers of the Winston-Salem Police Department set up surveillance at 2616 Windy Crossing Drive and 2826 Windy Crossing Drive in Winston-Salem, North Carolina. At approximately 9:50 p.m., Officer Jason Swaim observed a black male and black female leave a residence at 2616 Windy Crossing. The officer saw them get into a white car and drive away. Officers followed the car until it reached another residence at 2826 Windy Crossing.
 
 
 3
 Officer Connie Southern was in position to observe 2826 Windy Crossing. She observed a white car pull up in front of the residence. A black male and a black female got out of the car and entered the residence. About ten minutes later, the couple left the residence, got back in the car, and left the area.
 
 
 4
 At about 10:05, Officer Swaim then observed the same couple return to the residence at 2616 Windy Crossing. The couple went to the front porch. The man then went around to the side of the house and appeared to place something in the pine needles. Officer Swaim then observed this person go to the rear of the residence and again place something in the pine needles. This second spot was near the deck at the rear of the residence. This person then returned to the front porch and went inside. Approximately one hour later, the same couple left the residence and drove away in a grey Mercury Cougar.
 
 
 5
 Later that evening, the officers obtained a search warrant for 2616 Windy Crossing.[1] Officer Swaim assisted in the search of the exterior of 2616 Windy Crossing. He searched the areas where he had previously observed the person placing items in the pine needles. He found rocks of cocaine, razor blades, and nine millimeter ammunition. Inside the house, the officers found a bottle of mannitol which tested positive for cocaine. Mannitol is commonly used to cut down the strength of powder cocaine.
 
 
 6
 The officers then obtained a search warrant for 2826 Windy Crossing. This warrant was based on the observation of a person apparently hiding things immediately after returning from 2826 Windy Crossing. Various items were seized in the ensuing search including crack cocaine and a nine millimeter handgun. The officers then arrested four people, including the defendant.
 
 
 7
 On October 29, 1991, a federal grand jury in the Middle District of North Carolina issued a four count indictment against the four defendants. The first count charged that Christian and others conspired to possess and to distribute more than 50 grams of cocaine base. The second and third counts charged that on two different occasions Christian and one or more of the other defendants possessed with intent to distribute more than 50 grams of cocaine base. The fourth count charged that Christian carried and used a firearm in connection with a drug trafficking crime.
 
 
 8
 On December 30, 1991, the grand jury handed down a superseding indictment. This new indictment added an additional count of using a firearm in connection with a drug trafficking offense. The new charge was added as count two with the remaining counts being renumbered. The district judge subsequently dismissed this count.
 
 
 9
 Christian filed a motion to suppress the fruits of the search of 2826 Windy Crossing. The district court found that the search warrant was issued in good faith and refused to suppress evidence obtained during the search.
 
 
 10
 On January 23, 1992, Christian and his co-defendants went on trial before a jury. One of the co-defendants, Tonya McMoore, testified for the Government. She testified that she had been the girlfriend of Anthony Christian. She described how she assisted Christian in selling narcotics. Her testimony was that in late May, 1991, she, Christian, and Raymond Anderson flew to New York to obtain drugs. The airline they used was U.S. Air. After obtaining a quantity of crack cocaine, the trio returned to North Carolina by bus. She testified that they carried the crack cocaine in an aqua colored overnight bag. This bag was purchased at a J.C. Penny's in Winston-Salem. McMoore further testified that the trio left the bus in Greensboro because the police entered the bus. According to the testimony, McMoore and Christian left Raymond Anderson with the bag. He later showed up back in Winston-Salem but without the crack cocaine which had been confiscated by the police. During the Government's case in chief, Christian changed his plea to guilty as to Counts One, Three, Four, and Five.
 
 
 11
 Prior to his sentencing, Christian objected to the presentence report made by the United States Probation Office. The objections were to the four level increase for a leadership role in the offense, to the denial of a two level decrease for acceptance of responsibility, and to the amount of drugs for which he was held accountable.
 
 
 12
 Christian's objections were overruled. The district court sentenced him to 370 months on Counts One, Three, and Four. The court further sentenced Christian to five years on Count Five, to run consecutively to the first sentence.
 
 
 13
 This appeal followed.
 
 II.
 
 14
 We review the factual findings of the trial court for clear error while the legal conclusions based on these factual findings are reviewed de novo. United States v. Ramapuram, 632 F.2d 1149, 1155 (4th Cir. 1980), cert. denied, 450 U.S. 1030 (1981).
 
 III.
 
 15
 Christian challenges the decision of the district court upholding the validity of the search of 2826 Windy Crossing. Christian asserts that the affiant's mistake in naming Christian as one of the persons shuttling between 2616 and 2826 Windy Crossing invalidates the search of 2826. However, Christian pled guilty to the charges stemming, in part, from this search without reserving the right to contest the disposition of the suppression motion.
 
 
 16
 Ordinarily, a guilty plea constitutes a waiver of all nonjurisdictional defects. Unites States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). However, a defendant may preserve specified issues for review by making a conditional plea pursuant to Fed. R. Crim. P. 11(a)(2). Under this rule, Christian was required to execute a specific, written, reservation of his right to challenge the search. Both the record and his argument are devoid of any mention of such conditional plea. By pleading guilty as he did, Christian relinquished his right to contest the search.[2]
 
 IV.
 
 17
 Christian challenges the district court's determination that the 983.7 grams of cocaine found on the bus is attributable to him. Christian claims that this determination was not supported by a preponderance of the evidence. However, Christian pled guilty to Count Three which charged him with possessing with intent to distribute 50 or more grams of crack cocaine on May 29, 1991, in Guilford County,North Carolina. This count concerns the crack cocaine found on the bus. Therefore, the guilty plea establishes that Christian is chargeable with the crack cocaine on the bus. See Willis; United States v. Gilliam, 987 F.2d 1009, 1015 (4th Cir. 1993). The only question is how much that crack cocaine weighed. The answer to that question is 987.3 grams as weighed by the State Bureau of Investigation chemist and as stipulated to by Christian.
 
 
 18
 Furthermore, there is an abundance of other evidence sufficient to tie Christian to the crack cocaine seized on the bus. The testimony showed that the crack cocaine was contained in an aqua colored overnight bag as McMoore testified. The bag contained the sales receipt from the J.C. Penny's in Winston-Salem. A U.S. Air boarding pass issued in the name of R. Anderson was also in the bag. All this objective evidence completely corroborates the testimony of McMoore. Clearly, the attribution to Christian of this amount of crack cocaine was proper.
 
 V.
 
 19
 Christian also contends that the district court should have reduced the offense level two levels for acceptance of responsibility. There is ample evidence in the record that Christian consistently denied involvement in the criminal activity. The decision of the district court was clearly supported by the evidence.
 
 VI.
 
 20
 Finally, Christian appeals the four level enhancement for being a leader or organizer of criminal activity. The record supports the finding that Christian was a leader or organizer. Christian directed that the drug money be brought to him. He directed the packaging of the drugs for sale. He brought money to New York to buy the drugs and then arranged for the transportation of the drugs back to North Carolina. He made frequent trips to New York to buy drugs and had several people working for him in the drug trade. The district court's decision to enhance the offense level was proper.
 
 VII.
 
 21
 For the reasons stated above, the judgment of the district court is affirmed.
 
 AFFIRMED
 
 
 [1]
 The validity of this warrant was never an issue in this case
 
 
 [2]
 Although we need not address his claim, it is clear that Christian's challenge to the search is manifestly without merit. The erroneous identification had no bearing on whether probable cause existed to search 2826 Windy Crossing. Even if the affiant's representation was made in bad faith the appropriate remedy is excision of the false information. See United States v. Gillenwaters, 890 F.2d 679 (4th Cir. 1989). In this case, the sufficiency of the supporting affidavit is in no way undermined by the excision of all references to Christian's name