**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 98-4570

BOBBY FORRESTER SPOONE, JR.,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Greenville.
G. Ross Anderson, Jr., District Judge.
(CR-98-178)

Submitted: January 19, 1999

Decided: February 5, 1999

Before MURNAGHAN, HAMILTON, and MOTZ, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. David Calhoun Stephens, Assistant
United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobby Forrester Spoone, Jr., pled guilty to one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) (1994). The court sentenced Spoone to imprisonment for 188 months, followed by supervised release for five years. Spoone appeals. Spoone's attorney filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), addressing: (1) whether the district court complied with FED. R. CRIM . P. 11 in the taking of Spoone's guilty plea, and (2) whether the court erred in calculating Spoone's guideline range and sentencing him to 188 months incarceration. Counsel asserts that there are no meritorious grounds for appeal. Spoone filed a pro se supplemental brief arguing that he was not the owner of the gun he was charged with possessing and that he only used the gun in self-defense. Our review of the record reveals error in the computation of Spoone's sentence under the U.S. Sentencing Guidelines Manual. Therefore, we vacate the sentence and remand for resentencing.

Spoone was sentenced as an armed career criminal under the provisions of 18 U.S.C. § 924(e) (1994), because he had been convicted of at least three prior violent felonies. See id. ; USSG § 4B1.4, comment. (n.1). The district court assessed a base offense level of 33. When a defendant is classified as an armed career criminal, the guidelines call for an offense level of 34 if the crime of conviction involved the use or possession of a firearm in connection with a crime of violence; otherwise the offense level is to be 33. See USSG § 4B1.4(b)(3). Spoone's crime of conviction was possession of a firearm by a convicted felon. This is not considered a crime of violence under the guidelines. See USSG § 4B1.2, comment. (n.1). However, as we have noted, "[t]he trigger to application of the base level of 34 under the armed career criminal provision is not a finding that possession of a firearm is a `crime of violence,' but a finding that the firearm was used `in connection with a crime of violence.'" United States v. Samuels, 970 F.2d 1312, 1316 (4th Cir. 1992) (quoting USSG § 4B1.4(b)(3)(A)). Therefore, a trial court must conduct an inquiry into the factual circumstances surrounding the § 922(g) offense. See id. Our review of the transcripts of Spoone's plea hearing and sen-

2

tencing hearing reveals that no such inquiry was made. Although Spoone acknowledged using the firearm to shoot a man on or about October 31, 1997, he further maintained that action was taken in self-defense. (Plea Hearing at 13-14 & Sentencing Hearing at 15). Although there may have been evidence to the contrary, the district court made no findings in regard to this matter. [1] Accordingly, on this record we cannot say whether Spoone's underlying actions amounted to a crime of violence or justifiable self-defense.

We also note that such a determination is directly applicable to the calculation of Spoone's criminal history category (CHC). The district court sentenced Spoone based on a CHC of VI. Although Spoone's CHC would be calculated at V under § 4B1.4(c)(1), the guidelines command the use of Category VI where the "defendant used or possessed the firearm or ammunition in connection with a crime of violence." § 4B1.4(c)(2). Here too, the district court prematurely determined the CHC because inadequate factual findings had been made with regard to Spoone's underlying conduct. [2] As a result, we vacate Spoone's sentence and remand the case for further findings of fact and resentencing in accordance with the guidelines. We express no opinion as to the sentence imposed on remand.

We have reviewed the entire record and find no other reversible error. The district court conducted a proper Rule 11 hearing, ensuring that there was a factual basis for the crime charged and that Spoone understood the rights he was waiving by pleading guilty. Spoone's challenge to his conviction for the reasons raised in his pro se brief is foreclosed by his guilty plea, which is an admission of all of the elements of the charge. See, e.g., United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). We dispense with oral argument because the

_____

[1] Although we note that the court adopted the findings of fact in the presentence report, the report does not address the specific circumstances of the shooting or Spoone's claim of self-defense.

[2] Although Spoone's base offense level was initially set at 34 with a corresponding CHC of VI based on the presentence report, the base offense level was crossed out and adjusted to 33 prior to the start of the hearing. However, no matching adjustment was made to Spoone's CHC, leaving it at VI.

3

facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

4