UNITED STATES of America,
Plaintiff–Appellee,

v.

Rahn Kristopher WILLIS, a/k/a Darin
Andre Smith, Defendant–
Appellant.

No. 92–5490.

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 5, 1993.

Decided April 28, 1993.

James B. Craven, III, Durham, NC, argued, for defendant-appellant.

Sandra Jane Hairston, Asst. U.S. Atty., Greensboro, NC, argued (Robert H. Edmunds, Jr., U.S. Atty., of counsel), for plaintiff-appellee.

Before MURNAGHAN and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.

## OPINION

WILKINS, Circuit Judge:

Rahn Kristopher Willis pled guilty to possession with the intent to distribute cocaine base, 21 U.S.C.A. § 841(a)(1) (West 1981), and to using or carrying a firearm "during and in relation to ... [a] drug trafficking crime," 18 U.S.C.A. § 924(c)(1) (West Supp. 1992). Willis appeals his conviction of the firearm charge, contending that an inoperable firearm is not a "firearm" within the meaning of § 924(c)(1), see 18 U.S.C.A. § 921(a)(3) (West 1976), and that the evidence presented as a factual basis for his guilty plea is insufficient to support his con-

viction. Because we conclude that Willis' voluntary and intelligent guilty plea constitutes an admission of all the elements of the firearm offense, and therefore forecloses his right to challenge his conviction on the grounds alleged, we affirm his conviction.

## I.

With Willis' consent, two police officers who were investigating narcotics violations entered his apartment where an open briefcase filled with money was observed. When asked if he possessed any drugs, Willis produced a plastic bag containing cocaine base. A search of his apartment revealed an additional quantity of cocaine base, a .38 caliber handgun with a broken firing pin, and a box of .38 caliber ammunition.[1] Prior to accepting Willis' plea of guilty, the district court conducted an unexceptionable Rule 11 colloquy. During this proceeding, Willis agreed that the factual summary of evidence presented by the Government was accurate. He did not object to a weapons expert's report that the handgun could easily be rendered operable by simply replacing the firing pin, nor did he attempt to reserve any issue for review by entering a conditional guilty plea under Federal Rule of Criminal Procedure 11(a)(2). Finally, in response to questions from the court, he admitted to using or carrying a firearm during a drug transaction. Willis now claims that the weapon seized was not a firearm by statutory definition nor did he carry or use one.

## II.

■ The principle guiding disposition of this case has been stated by the United States Supreme Court as follows:

A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary.

*United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989). A

voluntary and intelligent plea of guilty "is an admission of all the elements of a formal criminal charge," *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969), and constitutes an admission of all "material facts alleged in the charge," *United States v. Johnson*, 888 F.2d 1255, 1256 (8th Cir.1989) (quoting *United States v. Parker*, 874 F.2d 174, 178 (3d Cir. 1989); *cf. United States v. Gilliam*, 987 F.2d 1009, 1013 & n. 3 (4th Cir.1993)) (although amount of drugs is not an element of this offense, a guilty plea to an indictment charging that defendant is responsible for distributing an amount of drugs establishes that amount for sentencing purposes in the absence of a reservation of the right to dispute the amount). Furthermore, a guilty plea constitutes a waiver of all nonjurisdictional defects, *see Parker v. Ross*, 470 F.2d 1092, 1093 (4th Cir.1972), including "the right to contest the factual merits of the charges." *United States v. Freed*, 688 F.2d 24, 25 (6th Cir.1982).

■ This circuit has followed these basic and longstanding principles but has not specifically announced adherence to them through a published opinion. We now take the opportunity to do so in order to erase any ambiguity that may have existed. A knowing, voluntary, and intelligent guilty plea to an offense conclusively establishes the elements of the offense and the material facts necessary to support the conviction.

## III.

■ Section 924(c)(1) provides in pertinent part that "[w]hoever, during and in relation to any ... drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such ... drug trafficking crime, be sentenced to imprisonment for five years." Thus, the material elements of this offense are using or carrying a firearm "during and in relation" to a drug trafficking offense. *See United States v. Paz*, 927 F.2d 176, 179 (4th Cir.1991). Willis pled guilty to an indictment alleging his use and carrying of a firearm in relation to a drug trafficking crime, and he does not challenge the voluntary, knowing, and intelligent

---

1. Willis does not challenge the legality of his arrest, the seizure of evidence, nor his conviction

for possession with the intent to distribute cocaine.

nature of his guilty plea. Willis' plea of guilty is thus an admission that he is guilty of the "substantive crime" with which he was charged, using or carrying a firearm during or in relation to a drug trafficking crime. *See Broce,* 488 U.S. at 570, 109 S.Ct. at 763. By pleading guilty, Willis relinquished his right to contest the meaning of "firearm"[2] or to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea.[3] Accordingly, we affirm Willis' conviction.

AFFIRMED.

---

**2.** Willis' guilty plea renders it unnecessary for us to address his stated grounds for appeal. However, were we to do so we would find without merit his claim that an inoperable firearm is not a "firearm" within the meaning of 18 U.S.C.A. § 921(a)(3) (West 1976). Section 921(a)(3) plainly defines a "firearm" as "any weapon ... which ... is designed to or may readily be converted to expel a projectile by the action of an explosive." Further, other courts of appeals that have addressed this issue have held consistently that there is no requirement that a firearm be operable in order to satisfy the definition contained in § 921(a)(3). *See, e.g., United States v. York,* 830 F.2d 885, 891 (8th Cir.1987), *cert. denied,* 484 U.S. 1074, 108 S.Ct. 1047, 98 L.Ed.2d 1010 (1988); *United States v. Buggs,* 904 F.2d 1070, 1075 (7th Cir.1990).

**3.** Again, although we need not address this claim, it is clear that the evidence presented creates a sufficient factual basis to sustain the plea. In *United States v. Brockington,* 849 F.2d 872, 876 (4th Cir.1988), we held that a firearm found under the floormat directly under the defendant's automobile seat was used "in relation" to the drug trafficking offense, noting that "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." Similarly, in *Paz,* 927 F.2d at 179, we found that "constructive possession of firearms in relation to a drug transaction is sufficient to establish 'use,' " and that a firearm located under a mattress was "present and accessible." The drugs, firearm, and money were all present in Willis' bedroom, the central area of his drug business; and the firearm, although in a dresser drawer, was present and readily accessible. This evidence is clearly sufficient to support Willis' plea of guilty to using or carrying a firearm "in relation" to a drug trafficking offense.