21 F.3d 426
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 4NITED STATES of America, Plaintiff-Appellee,
v.
Gaspre MAZZOLA, Defendant-Appellant.
 No. 93-5459.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 15, 1994.
Decided April 18, 1994.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry C. Morgan, Jr., District Judge. (CR-91-171-N)
 Jon Michael Babineau, Norfolk, VA, for appellant.
 Kenneth E. Melson, U.S. Atty., Kevin M. Comstock, Asst. U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before PHILLIPS, WILKINSON, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Gaspre Mazzola was convicted of possession with intent to distribute cocaine, in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp.1993), and use or possession of a firearm during or in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c)(1) (West Supp.1994). He was sentenced to thirty-seven months imprisonment on the first count and sixty months on the second count, to run consecutively. Mazzola appeals his convictions, claiming error in the trial judge's supplemental instruction to the jury, and challenging the sufficiency of the evidence to support each conviction. We affirm.
 
 I.
 
 2
 In February 1990, a Virginia Beach circuit court judge issued a search warrant for Mazzola's home. The search was conducted in the early morning hours, and Mazzola and his wife were in bed when officers entered their home. They were taken to a downstairs room to wait while the search proceeded. Mazzola tried to flee, knocking an officer through a broken glass door, but was quickly apprehended.
 
 
 3
 Police discovered one hundred sixty-eight grams of cocaine in a black vase in an upstairs den. A digital scale and baggies were in a desk near the vase, and a cutting agent was also nearby. Other quantities of cocaine were found in the kitchen, and in the pocket of a pair of men's pants hanging in a closet in Mazzola's bedroom. A .44 magnum revolver, loaded and functional, was found on the nightstand next to Mazzola's bed.
 
 
 4
 After Mazzola was given his Miranda[1] warnings, he talked briefly with a detective. The detective testified that Mazzola told him that the gun was not present for the police, but for others. When the detective told Mazzola that cocaine had been found, and asked him if he was going to involve his wife, Mazzola replied, "Leave her out of it; she doesn't know anything about it." With state charges pending against him, Mazzola fled to Italy in early 1991, and did not return to this country until the end of October 1992. Mazzola was indicted on federal charges on November 13, 1991; trial was held on January 27 and 28, 1993.
 
 
 5
 Mazzola's brother, Vincenzo, testified at trial that he and his friend, DJ, had been at Mazzola's house the night before the search, drinking and doing cocaine. He testified that he left his .44 magnum revolver at his brother's house, and that DJ left the drugs in the black vase. Vincenzo had been convicted of DJ's murder, and is presently serving forty-seven years for murder and drug offenses. During Vincenzo's trial for DJ's murder, in contrast, he denied under oath ever doing cocaine or owning any guns.
 
 
 6
 At the close of evidence, the trial judge read instructions to the jury and let the jury take the written instructions into the jury room. The written copy of Instruction 17 contained an error in that the word "and" was substituted for "or," so that the affected portion read, "The government must prove beyond a reasonable doubt, however, that a measurable amount of the controlled substance was, in fact, knowingly and intentionally distributed and possessed with the intent to distribute by the defendant, Gaspre Mazzola." (Emphasis added). After three hours of deliberation, the jury sent back a question which indicated confusion over Instruction 17. Upon discovering the error, the judge, over Mazzola's objection, determined to correct the instruction. However, upon clarification from the jurors, he concluded that they were asking about the "and" between "knowingly" and "intentionally." The judge referred the jurors to the instructions already given. Over objection from the government, the judge declined to correct the other error, because the jurors had not specifically asked about that portion of the instruction.
 
 
 7
 Twenty minutes later, the jury declared itself unable to reach a verdict. The judge administered an Allen[2] charge, without objection from either side. One hour later, the jury submitted two more questions, one specifically addressing the error in Instruction 17. Over Mazzola's objection, the court informed the jury that the relevant "and" should have read "or." Forty minutes later, the jury returned verdicts of guilty as to both counts.
 
 II.
 
 8
 Mazzola challenges the trial court's action in correcting the erroneous word in Instruction 17. He does not argue that the corrected instruction was an inaccurate or improper statement of law, or that it was inconsistent with the other instructions and with the indictment. Moreover, Mazzola acknowledges that the district court has substantial latitude to determine how to respond to a jury's request for clarification of an instruction. He contends, however, that the judge had told the parties several times that he was not going to correct the instruction, and that his doing so "completely chang[ed] and alter[ed] the outcome of a very close case."
 
 
 9
 The trial court has discretion to decide how best to respond to an inquiry from the jury. United States v. Horton, 921 F.2d 540, 546 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3850 (U.S.1991). This Court reviews the district court's decision in this context for abuse of discretion. United States v. Laing, 889 F.2d 281, 290 (D.C.Cir.1989), cert. denied, 494 U.S. 1069 (1990). The trial court here decided not to draw the jury's attention to an error which had not been noted before the jury retired. His actions throughout were consistent with that determination.
 
 
 10
 We have held that "the trial court has a duty'[w]hen a jury makes explicit its difficulties' to 'clear them away with concrete accuracy.' " Horton, 921 F.2d at 546, quoting Bollenbach v. United States, 326 U.S. 607, 612-13 (1946). This jury plainly was having difficulty reconciling the correct statement of the law in the indictment and other instructions with the incorrect statement in Instruction 17. The trial court waited until the jury focused on the erroneous word before correcting the instruction. Mazzola cannot be heard to complain that this conscientious jury, stymied by inconsistent instructions, could not bring itself to ignore any of them. Once the error was removed, the case ceased being "a close case," and the jury reached a unanimous decision. The court acted properly in clarifying an error in the instruction and allowing the jury to proceed to its verdict based on a correct and consistent statement of the applicable law. This action was not an abuse of discretion. See United States v. James, 998 F.2d 74, 78 (2d Cir.), cert. denied, 62 U.S.L.W. 3320 (U.S.1993).
 
 III.
 
 11
 In reviewing a challenge to the sufficiency of the evidence to convict, we must affirm the conviction if there is substantial evidence, taken in the light most favorable to the government, to support a finding of guilt. Glasser v. United States, 315 U.S. 60, 80 (1942). The issue is whether any rational trier of fact could have found that the essential elements of the offense were proved beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 12
 The essential elements of possession with intent to distribute a controlled substance are possession of the controlled substance, knowingly and intentionally, with the intent to distribute. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993). Possession may be actual or constructive. Id. An individual has constructive possession of a controlled substance when he exercises or has power to exercise control over the drugs or the premises in which it was found. Id. Constructive possession can be proven by circumstantial evidence, and need not be exclusive of others. United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992). Intent to distribute can be inferred if the amount of the controlled substance is larger than that normally consumed for personal use. United States v. Fisher, 912 F.2d 728, 730 (4th Cir.1990), cert. denied, 59 U.S.L.W. 3769 (U.S.1991).
 
 
 13
 Police found cocaine in several places in Mazzola's home, including the pocket of a pair of male pants in the closet of Mazzola's bedroom. The largest amount was found in a vase, near the master bedroom, which had Mazzola's thumbprint on it. When an officer inquired about his wife's involvement with the drugs, Mazzola replied, "Leave her out of it; she doesn't know anything about it." Thus, the government introduced ample evidence to prove to a rational trier of fact that Mazzola had constructive possession of the cocaine. The jury clearly chose not to believe the testimony of Mazzola's brother, serving a forty-seven year sentence for murder and drug offenses, that he and the man he murdered had left the cocaine at the house the night before the search.
 
 
 14
 Mazzola's intent to distribute the cocaine can be inferred from the 200 grams of cocaine found in the house. In Bell, we concluded that thirteen and one half grams of crack cocaine was a sufficient quantity to support an inference of intent to distribute. 954 F.2d at 235. One officer testified at Mazzola's trial that, based on his experience and training, 200 grams of cocaine is "totally inconsistent with personal use." A digital scale, plastic bags, a sifter, and a substance commonly used to cut cocaine were found near the largest amount of cocaine, near Mazzola's bedroom. This evidence is adequate to support a rational trier of fact in concluding that Mazzola intended to distribute the cocaine.
 
 IV.
 
 15
 Mazzola also challenges the sufficiency of the evidence to support his firearms conviction. The material elements of 18 U.S.C. Sec. 924(c)(1) are using or carrying a firearm during and in relation to a drug trafficking crime. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). Possession with intent to distribute a controlled substance, in violation of 21 U.S.C. Sec. 841(a)(1), is a drug trafficking crime. Fisher, 912 F.2d at 731. We have held that where the evidence supports a conviction for possession of a controlled substance with the intent to distribute, and a firearm is found within the defendant's dominion and control, the jury may infer that the defendant possessed the weapon to further his business, based on the "common sense recognition that drug dealing is a dangerous and often violent enterprise...." United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988).
 
 
 16
 Ownership is not essential to possession and use of a weapon under Sec. 924(c). United States v. Paz, 927 F.2d 176, 179 (4th Cir.1991). Constructive possession of the weapon in relation to the drug trafficking crime can establish "use" under the statute. Id. In Paz, we held that a gun under the mattress in defendant's bedroom was present, accessible, and could facilitate the success of drug distribution from that apartment. Id. The revolver in question was owned by Mazzola's brother, Vincenzo. Three officers testified that the gun was found on the nightstand next to Mazzola's side of the bed. Mazzola, on the other hand, testified that his brother had left his gun on Mazzola's nightstand, and Mazzola put the gun under the nightstand so that it would be safe from his daughter and her babysitters. All of this evidence supports a finding by the jury that Mazzola constructively possessed the firearm, "during and in relation to the commission of the drug trafficking offense." Sec. 924(c)(1).
 
 V.
 
 17
 Accordingly, we affirm Mazzola's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)
 
 
 [2]
 Allen v. United States, 164 U.S. 492 (1896)