52 F.3d 322
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Tyrone SMITH, Defendant-Appellant.
 No. 94-5608.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 31, 1995.
Decided: April 24, 1995.
 
 Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Helen F. Fahey, United States Attorney, Marcus J. Davis, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 Before MURNAGHAN and MICHAEL, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Ronald Tyrone Smith appeals from his jury convictions of possession of cocaine base (or "crack cocaine") with intent to distribute, in violation of 21 U.S.C. Sec. 841(a) (1988), being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1994), possession of a firearm with the serial number removed, in violation of 18 U.S.C.A. Sec. 922(k) (West Supp.1994), and using or carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C.A. Sec. 924(c) (West Supp.1994). Smith first contends that the district court erred in denying his motion to suppress the crack cocaine, firearm, ammunition and his admissions, because the officer's search of his car was pretextual. Second, he alleges that the district court erred in denying his motion for acquittal.
 
 
 2
 We hold that the search that uncovered the contraband was reasonable under the circumstances, and the district court thus properly denied Smith's motion to suppress. We also hold that there was sufficient evidence for a jury to convict Smith. Accordingly, we affirm Smith's convictions.
 
 I.
 
 3
 On January 25, 1994, at about 3:00 a.m., Fairfax County Police Officer James Cox ("Officer Cox") conducted a traffic stop of Smith's vehicle, because it did not display a license plate on the front and the left brake light did not function. Smith was operating the vehicle and was accompanied by a female passenger. Officer Cox asked Smith for his driver's license and registration. When Smith unlocked the glove compartment to retrieve his registration, Officer Cox observed a large sum of money, folded in a manner known as "drug folds," inside the compartment.
 
 
 4
 Officer Cox then had Smith sit in his police cruiser while he conducted warrant and license checks. While seated in the cruiser, Smith told Officer Cox that his passenger's name was "Kim Johnson." Officer Cox then returned to the car to speak with the passenger, who told him her name was Nagina King ("King"). When Officer Cox inquired if she had any weapons on her person, she told him that she had a knife in her jacket pocket.
 
 
 5
 At that response, Officer Cox asked King to step from the automobile, at which time he observed an additional knife on the floor of the car. King asked if she could wait in Smith's car, since it was very cold. Before permitting King back inside, Officer Cox searched the interior of the car. Under the driver's seat, where Smith had been sitting, Officer Cox found a loaded .357 revolver, with an obliterated serial number, and a "speed-loader" with six additional rounds of ammunition. The officer then arrested Smith for carrying a concealed weapon, and a search of Smith's person revealed the cash Officer Cox had previously observed and a telephone paging device.
 
 
 6
 Following Smith's arrest, Officer Cox returned to the automobile and conducted a further search, which revealed a clear plastic bag, containing individual bags of what appeared to be cocaine, under the driver's side floor mat.[1] Officer Cox then transported both Smith and King to the police station.
 
 
 7
 At the station, after waiving his Miranda[2] rights, Smith admitted that the firearm was his and that he bought it for protection. When asked about the crack cocaine, Smith initially stated "I will let the evidence stand for itself." Later, when asked why he was selling "rock," Smith replied that he needed to sell it to make money.
 
 
 8
 At trial, Detective Sergeant Douglas Comfort ("Sgt. Comfort"), an expert in drug trafficking practices and techniques, testified that the items seized from Smith's car and person, taken as a whole, were indicative of distribution. Additionally, Sgt. Comfort opined that the amount of crack cocaine seized from Smith was inconsistent with personal use.
 
 
 9
 Smith filed a motion to suppress the drugs, the firearm and his admissions. After a hearing, the motion was denied. At trial, the Government introduced the contraband, as well as Smith's statements. Smith was found guilty on all counts after a one-day jury trial. This appeal followed.
 
 II.
 
 10
 Smith alleges that Officer Cox did not have reasonable suspicion sufficient to conduct the warrantless search of Smith's car, because Officer Cox was not endangered by any weapons that might have been in the car since both suspects were outside of the vehicle at the time of the search. Therefore, Smith contends that all evidence which stemmed from this improper search and Smith's subsequent arrest should have been suppressed. We find more than enough evidence to conclude that Officer Cox made a lawful protective search for weapons within the bounds of Terry v. Ohio, 392 U.S. 1 (1968), and Michigan v. Long, 463 U.S. 1032 (1983).
 
 
 11
 In Terry, the Supreme Court upheld the validity of a protective search of a suspect for weapons when a police officer possesses an articulable suspicion that an individual is armed and dangerous. Terry, 392 U.S. at 27. In Long, the Court extended the principles of Terry to automobile searches. Specifically, the Court held that a police officer may make a protective search of the passenger compartment of a suspect's car, limited to those areas in which a weapon may be placed or hidden, if the officer possesses a reasonable belief, based on specific and articulable facts, that the suspect is dangerous and may gain immediate control of a weapon. Long, 463 U.S. at 1049.
 
 
 12
 The circumstances surrounding Officer Cox's search of the car demonstrate that he had more than reasonable suspicion to conduct the search. Officer Cox saw a knife on King's person and another in the car. Prior to seeing the knives, Officer Cox saw cash in "drug folds," which he knew was a common way for drug dealers to carry their money. Finally, Smith and King gave conflicting accounts of King's true identity.
 
 
 13
 Smith's contention that the search was not reasonable, since neither suspect was in the car, was rejected by the Supreme Court in Long. In that case the Court stated as follows: Just as a Terry suspect on the street may, despite being under the brief control of a police officer, reach into his clothing and retrieve a weapon, so might a Terry suspect in Long's position break away from police control and retrieve a weapon from his automobile.... In addition, if the suspect is not placed under arrest, he will be permitted to reenter his automobile, and he will then have access to any weapons inside.... Or, as here, the suspect may be permitted to reenter the vehicle before the Terry investigation is over, and again, may have access to weapons.... In such circumstances, we have not required that officers adopt alternative means to ensure their safety in order to avoid the intrusion involved in a Terry encounter. Long, 463 U.S. at 1051-52 (citations omitted); see also United States v. Maestas, 941 F.2d 273, 277 n. 4 (5th Cir.1991) ("Long rests upon the premise that suspects may pose a danger even when they have been detained outside the car."), cert. denied, 502 U.S. 1046 (1992).
 
 
 14
 We conclude that Officer Cox's observations supported his limited search of the car for weapons and that the firearm was properly admitted into evidence at Smith's trial, as were the drugs seized and the admissions obtained subsequent to Smith's arrest.
 
 III.
 
 15
 We review a denial of a motion for acquittal under a sufficiency of evidence standard. Fed.R.Crim.P. 29; see United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir.), cert. denied, 60 U.S.L.W. 3879 (U.S.1992). "To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see also Glasser v. United States, 315 U.S. 60, 80 (1942). Circumstantial as well as direct evidence is considered, and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982).
 
 
 16
 Smith asserts, in relation to his conviction for possession of crack cocaine with intent to distribute, that King could have put the crack cocaine in his vehicle. However, circumstantial evidence need not exclude every reasonable hypothesis of innocence. United States v. Jackson, 863 F.2d 1168, 1173 (4th Cir.1989); see also United States v. Anchondo-Sandoval, 910 F.2d 1234, 1236 (5th Cir.1990) ("In sum, knowing possession can be inferred from the defendant's control over the vehicle in which the illicit substance is contained if there exists other circumstantial evidence that is suspicious in nature or demonstrates guilty knowledge.").
 
 
 17
 Testimony disclosed that the car in which the crack cocaine was found was registered in Smith's name, and that Smith was operating the vehicle. The crack cocaine was found under the driver's side floor mat. In addition, Smith admitted to Officer Cox that he sold drugs. Further, Officer Cox recovered a firearm and ammunition from Smith's car and a pager and a substantial amount of money with "drug folds" from Smith's person. A narcotics trafficking expert testified that these items are consistent with drug dealing activities and that the amount of crack cocaine was inconsistent with personal use. See United States v. Wright, 991 F.2d 1182, 1187 (4th Cir.1993) ("[I]ntent to distribute the controlled substance can be inferred if the quantity is larger than what normally would be consumed for personal use."). Taken as a whole, these facts are sufficient for a reasonable jury to find that Smith constructively possessed the crack cocaine with intent to distribute.
 
 
 18
 We likewise find that there was sufficient evidence to support Smith's convictions for various firearm offenses. First, Smith admitted to Officer Cox that the gun found under the driver's seat was his. As Smith concedes, this evidence supports the convictions for possession of a firearm and ammunition by a felon, and possession of a firearm with the serial number removed.
 
 
 19
 With regard to his conviction for possession of a firearm during a drug trafficking offense, Smith contends that, even though he admitted ownership of the gun, the Government did not prove that the firearm was used in a drug offense. The material elements of an offense in violation of 18 U.S.C. Sec. 924(c)(1) are using or carrying a firearm "during and in relation" to a drug trafficking offense. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). It is enough that the firearm was present for protection and to facilitate the likelihood of success, whether or not it was actually used. United States v. Brockington, 849 F.2d 872, 876 (4th Cir.1988). This Court has held that where the evidence supports a conviction for possession of a controlled substance with the intent to distribute and a firearm is found within the defendant's dominion and control, the jury may infer that the defendant possessed the weapon to further his business based on the "common sense recognition that drug dealing is a dangerous and often violent enterprise." Id.; United States v. Townley, 929 F.2d 365, 368 (8th Cir.1991) (gun's accessibility and close proximity to drugs was sufficient to establish "use" under Sec. 924(c)).
 
 
 20
 As discussed above, the evidence supports Smith's conviction for possession with intent to distribute crack cocaine, and Smith admitted owning the loaded firearm that was found in his car in close proximity to the cocaine. Under these circumstances, a reasonable jury could have concluded that Smith strategically hid the gun to make it available to protect his contraband and thereby facilitate the distribution of crack cocaine.
 
 
 21
 Accordingly, we affirm Smith's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The laboratory analysis disclosed that the substance was cocaine base, with a total weight of 4.23 grams. (J.A. at 82)
 
 
 [2]
 Miranda v. Arizona, 384 U.S. 436 (1966)