**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

GAVIN RODERICK WHITE, a/k/a Joe
White,
<u>Defendant-Appellant.</u>

No. 98-4371

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Jackson L. Kiser, Senior District Judge.
(CR-97-28)

Argued: March 2, 1999

Decided: June 8, 1999

Before ERVIN, Circuit Judge,
VOORHEES, United States District Judge for the
Western District of North Carolina, sitting by designation,
and FABER, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** David Leonard Heilberg, LAW OFFICE OF DAVID L.
HEILBERG, Charlottesville, Virginia, for Appellant. Ray B. Fitzger-
ald, Jr., Assistant United States Attorney, Charlottesville, Virginia, for

Appellee. **ON BRIEF:** Robert P. Crouch, Jr., United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Gavin White pled guilty to one count of possession of cocaine base with intent to distribute in violation of 21 U.S.C.§ 841(a)(1) (1994) and received a sentence of 262 months imprisonment. He now appeals the district court's denial of his motion to suppress evidence seized during a consent search of his vehicle and his person. Finding that he did not preserve his right to contest that ruling, we dismiss the appeal.

I.

During the early morning of January 25, 1997, Officer Daniel Board stopped White on suspicion of drunk driving after observing the truck White was driving cross over the right boundary line four times and nearly strike the curb. Officer Board approached the driver's side of the vehicle, detected the odor of alcohol, and informed White of the reason for the stop. White agreed that he had been driving erratically, but stated that he was tired and needed to go home and rest.

Upon Officer Board's request for identification, White stated that he did not have his driver's license with him. White then provided a name, date of birth, and social security number which matched a valid license issued to someone besides White.

Officer Board, after completing a check of the license information, returned to the car and told White that he was on crime patrol in the

2

area and would like to have permission to search White's vehicle and person. White responded, "No, go ahead."

About that time, Officer Philip Giles arrived to provide back-up. Officer Board asked White to go and stand with Officer Giles during the search of the truck. Officer Board returned to White's vehicle, conducted a search, and found nothing other than three unopened beers.

Following his search of the truck, Officer Board returned to where White and Officer Giles were standing. Officer Board asked White again for consent to search his person. White hesitated, but responded affirmatively. Officer Board then asked White what was in his pockets. White reached into his pocket and withdrew lip balm and pocket change. Officer Board asked if White had anything else in his pocket. White reached in his pocket and pulled out approximately $200 in cash. Officer Board asked him if that was all he had in his pocket. White reached into his pocket and withdrew $300. Officer Board once again asked if there was anything else in his pocket. White reached into his pocket and withdrew a small film canister, handing it to Officer Board, who turned it over to Officer Giles. Officer Board asked White what else he had in his pocket. At this point, White reached into his pocket and removed an object but kept it concealed in his hand. About this time, Officer Giles stated that the item in the film canister was a razor blade. White then opened his hand, dropped the bowl of a pipe, and began running from Officers Board and Giles. About 20 to 25 feet from the truck, White threw down a plastic bag containing crack cocaine. The officers chased him for a short while, eventually abandoning the chase and returning to collect the evidence.

White filed a motion to suppress the crack cocaine. The motion was denied orally by the court following a hearing. Subsequently, White pled guilty pursuant to a written plea agreement. The Court conducted a plea and Rule 11 hearing where White, represented by counsel, entered an unconditional plea of guilty to one count of possession with intent to distribute cocaine base.

II.

White contends that the district court erred in denying his motion to suppress evidence obtained from the search. We decline to review

3

the merits of the district court's denial of White's motion to suppress. By pleading guilty without reserving his right to appeal under Fed. R. Crim. P. 11(a)(2), White is foreclosed from appealing nonjurisdictional defects, including the denial of a motion to suppress evidence. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Once a plea of guilty has become final, the Court's inquiry is limited to whether the underlying plea was both counseled and voluntary. United States v. Broce, 488 U.S. 563, 569 (1989). Prior to accepting White's guilty plea in this case, the district court conducted a standard plea colloquy followed by a summary of the evidence. Fed. R. Crim. P. 11. White agreed that he fully understood the plea proceeding and that the factual summary was accurate. Based on this record, the plea was both counseled and voluntary. Accordingly, White is foreclosed from challenging the denial of his motion to suppress on direct appeal.

III.

White also asserts that he received ineffective assistance of counsel because counsel failed to advise him of the proper method to preserve his suppression issue pursuant to Fed. R. Crim. P. 11(a)(2). "The rule in this circuit is that a claim of ineffective assistance should be raised in a 28 U.S.C. § 2255 motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir. 1992) (citations omitted). Based on our review of the record, we find no such showing. This claim, therefore, is not properly before us.

DISMISSED

4