**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
              *Plaintiff-Appellee,*

v.

WARREN KUZON, a/k/a James Brown,
a/k/a Shortman, a/k/a Gladstone
Lawrence,

              *Defendant-Appellant.*

No. 02-4286

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Patrick Michael Duffy, District Judge.
(CR-00-765)

Submitted: September 24, 2002

Decided: October 10, 2002

Before WILKINS, MICHAEL, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Francis Cornely, FRANCIS CORNELY ATTORNEY AT LAW, Charleston, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Miller W. Shealy, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Warren Kuzon pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base (crack), 21 U.S.C. § 846 (2000) (Count 1), and conspiracy to commit money laundering, 18 U.S.C.A. § 1956(h) (West 2000 & Supp. 2002) (Count 17). The district court sentenced him to a term of 293 months imprisonment. Kuzon appeals his sentence, contesting the district court's determination of the quantity drugs attributable to him, *U.S. Sentencing Guidelines Manual* § 2D1.1 (2001), and its decision to impose a four-level adjustment for his leadership role. USSG § 3B1.1(a). We affirm.

First, we are satisfied that the district court did not clearly err in finding that Kuzon was a leader in an offense that involved at least five participants or was otherwise extensive. *United States v. Perkins*, 108 F.3d 512, 518 (4th Cir. 1997) (stating standard of review); USSG § 3B1.1(a). Kuzon asserts that there was no evidence that he exercised direct control over any other participant, and that he had no more than a buyer-seller relationship with certain co-defendants to whom he fronted drugs. He argues that any information to the contrary was not reliable. However, the district court had before it evidence that the conspiracy involved at a minimum Kuzon, Donald Dixon, Aldo Saenz, Jarien Martino, and Kevin Martino. The district court also found that a number of participants identified Kuzon as the person directing their activities, in particular, Dixon and Saenz, who each transported large amounts of cocaine from Arizona to South Carolina, and that Kuzon had also used Kevin Martino as a nominee to register his car. This evidence was enough to support the adjustment if the district court found that the information was reliable. *See* USSG § 6A1.3(a), p.s. (to resolve disputed factors, district court may consider any information that has sufficient indicia of reliability to support its probable accuracy). The district court heard and rejected

Kuzon's arguments against the reliability of this particular disputed information. Kuzon's conclusory argument on appeal has not persuaded us that the district court clearly erred in making the four-level adjustment.

Next, we find that the district court did not clearly err in determining the amount of drugs attributable to Kuzon. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999) (stating standard of review). Kuzon maintains that the district court erred in accepting information derived from statements made by unreliable co-defendants and in failing to find specifically that the drugs for which he was held responsible were reasonably foreseeable to him and within the scope of his agreement with his co-conspirators. *See* USSG § 1B1.3(a)(1)(B), comment. (n.2). However, the district court did not include any drug amounts derived from the statements of the Martino brothers, which was the only information the court found to be of uncertain reliability. In addition, the base offense level used by the district court would apply even if all drugs were excluded except the 608.4 grams of crack seized from Kuzon's house. There is no doubt that Kuzon was properly held responsible for that quantity of crack because a defendant is always responsible for drug amounts with which he is personally involved, and the principle of reasonable foreseeability does not apply to conduct the defendant personally undertakes. *Id.*

Last, Kuzon argues that the crack seized from his home must be suppressed because it was omitted from the initial return in violation of Rule 41(d) of the Federal Rules of Criminal Procedure. Violations of Rule 41(d) that are not constitutional in nature require suppression of evidence only when the defendant is prejudiced by the violation or when the rule has been intentionally and deliberately disregarded. *United States v. Simons*, 206 F.3d 392, 403 (4th Cir. 2000). In this case, we need not reach this issue because Kuzon waived it by pleading guilty.

On February 5, 2001, Kuzon's first attorney filed a motion to suppress the items seized pursuant to the search warrant. On April 2, 2001, Kuzon pled guilty to conspiracy to traffic in cocaine, crack, and marijuana and conspiracy to commit money laundering. Kuzon did not ask for a ruling on his motion to suppress or reserve the issue for appeal in his plea agreement. Nor does he contest the validity of his

guilty plea on appeal. A valid guilty plea waives all non-jurisdictional defects. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Consequently, by pleading guilty, Kuzon waived his right to challenge the use of the crack seized during execution of the search warrant for sentencing purposes.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*