**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
             *Plaintiff-Appellee,*

v.                                                    No. 02-4464

DONALD EUGENE SMILEY,
             *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Rebecca Beach Smith, District Judge.
(CR-01-213)

Submitted: May 8, 2003

Decided: May 20, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Brian Gay, THE B & G LAW GROUP, P.C., Virginia Beach, Virginia, for Appellant. Paul J. McNulty, United States Attorney, James Ashford Metcalfe, Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Donald E. Smiley pled guilty to possession of a firearm and ammunition by a convicted felon, 18 U.S.C. § 922(g)(1) (2000). He filed a motion to suppress the gun found in a locked box in the closet of his locked office in his home. The district court denied the motion, and Smiley entered a conditional guilty plea, reserving the right to challenge the denial of the motion. On appeal, Smiley asserts two errors in the denial of his motion to suppress evidence acquired pursuant to a consent search and contends that the district court erred in accepting his guilty plea in the face of insufficient evidence that he possessed the firearm. Finding no error, we affirm.

Smiley asserts that the district court erred in its factual determination that the officers offered credible testimony and the testimony by Smiley, his wife, and a friend was less credible. The district court's factual findings regarding the credibility of witnesses are reviewed for clear error and accorded great deference on appeal. *See United States v. Murray*, 65 F.3d 1161, 1169 (4th Cir. 1995). We have reviewed the transcript of the suppression hearing and find that the district court's credibility findings were not clearly erroneous.

Next, Smiley asserts that his wife's verbal consent to search his locked office and closet and his written permission to search the locked office and closet did not extend to the locked box that contained the firearm. We review the factual findings underlying a motion to suppress for clear error, while the legal determinations are reviewed de novo. *See United States v. Rusher*, 966 F.2d 868, 873 (4th Cir. 1992). The scope of a consent to search is determined by considering the interchange between the law enforcement officer and the suspect and by applying a test of "objective reasonableness" to ascertain the usual meaning of what was said. Also of importance in defining the scope of a search is its object, as a general consent authorizes the search of any area that may contain the object of the search. *See Florida v. Jimeno*, 500 U.S. 248, 250-51 (1991). In giving consent, a suspect may limit the scope of that consent, but if officers receive a general consent to search a particular place, they are not required to repeatedly return for consent as to specific containers

found in that place. *Id.* at 252; *see also Walter v. United States*, 447 U.S. 649, 656 (1980) (stating that, in a search properly authorized by consent or warrant, "the scope of the search is limited by the terms of its authorization").

The district court found that Smiley gave written consent to a search of his locked office and the closet therein. The district court also found that Mrs. Smiley consented on two occasions to a search of the locked office and the closet. Smiley additionally described to the officers the location of the gun in the closet prior to the search and in conjunction with signing the written waiver. The Smileys did not limit the permissible scope of that search. Accordingly, we conclude that Smiley's consent extended to the locked box where officers found the gun.

Finally, Smiley asserts that the court erred in accepting his guilty plea because he had neither actual nor constructive possession of the gun recovered from the closet. Smiley pled guilty to the indictment, and he does not challenge the validity of his guilty plea. Smiley's guilty plea precludes a challenge to the sufficiency of the evidence. *See United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993). Consequently, we decline to consider the merits of this claim.

Accordingly, we conclude that the district court's denial of the motion to suppress was not clear error. We therefore affirm the criminal judgment. We deny Smiley's motion to consolidate this appeal with No. 03-6344 and to relieve his attorney. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*