# UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                      No. 02-4661

JOHN THOMAS MONTGOMERY,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, District Judge.
(CR-02-43)

Submitted: June 13, 2002

Decided: June 20, 2003

Before WIDENER, WILKINSON, and WILLIAMS, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Matthew A. Victor, VICTOR, VICTOR & HELGOE, L.L.P., Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Thomas Montgomery appeals the district court judgment sentencing him to 325 months' imprisonment for possession with intent to distribute more than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). Montgomery alleges the Government violated his constitutional and statutory speedy trial rights. Montgomery also challenges the presentence report's ("PSR") imposition of a two-point enhancement for possession of a firearm under *U.S. Sentencing Guidelines Manual* § 2D1.1(b)(1) (2001) and a two-point adjustment for his role in the offense under USSG § 3B1.1. Finding no reversible error, we affirm.

Montgomery argues the Government violated his constitutional and statutory rights to a speedy trial because they did not indict him within thirty days of his arrest. Montgomery pled guilty. A valid guilty plea waives all nonjurisdictional defects, including deprivation of constitutional rights occurring prior to his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). We therefore find this claim is foreclosed by Montgomery's guilty plea.

Montgomery argues that the district court erred in assessing a two-level enhancement for possession of a dangerous weapon under USSG § 2D1.1(b)(1). Although Montgomery initially objected to the PSR's imposition of the enhancement, he withdrew all pending objections at sentencing. This Court accordingly reviews for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993).

Montgomery argues the PSR does not set forth a nexus between the firearms and the narcotics. We have reviewed the PSR and its addendum and find it related a confidential informant saw Montgomery with cocaine base and firearms in an apartment from which Montgomery conducted his drug distribution. We find Montgomery has not demonstrated plain error.

Montgomery argues the district court erred by imposing a two-point enhancement under USSG § 3B1.1(c) for his role in the offense.

A two-level enhancement is applied if the defendant was an organizer, leader, manager, or supervisor of any criminal activity that did not involve five or more participants or was not otherwise extensive. USSG § 3B1.1(c). The defendant's role is determined by his relevant conduct, not merely by the conduct underlying the offense of conviction. *See United States v. Fells*, 920 F.2d 1179, 1183-84 (4th Cir. 1990). We review this issue for plain error. *See Olano*, 507 U.S. at 732. Contrary to Montgomery's contentions, the PSR's statements concerning Montgomery's use of females to purchase and transport drugs and hold cash for him shows more than a buyer-seller relationship. *Cf. United States v. Sayles*, 296 F.3d 219, 224-27 (4th Cir. 2002). We find Montgomery has not demonstrated plain error.

We therefore affirm Montgomery's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*