**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Carl WASHINGTON, Defendant–
Appellant.**

No. 02–4602.

United States Court of Appeals,
Fourth Circuit.

Submitted Aug. 20, 2003.

Decided Oct. 16, 2003.

Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant. J. Strom Thurmond, Jr., United States Attorney, Jane B. Taylor, Assistant United States Attorney, Columbia, South Carolina, for Appellee.

Before TRAXLER and GREGORY, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished PER CURIAM opinion.

## OPINION

PER CURIAM.

Carl Bernard Washington pled guilty to possession with intent to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000); money laundering, in violation of 18 U.S.C.A. §§ 1956, 1957 (West 2000 & Supp.2003); possession with intent to distribute 500 grams or more of cocaine, having a prior conviction for a felony drug offense, in violation of 21 U.S.C. § 841(a)(1); and two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C.A. § 922(g) (West 2000 & Supp.2003). He was sentenced to two life terms on the drug counts, 240 months for money laundering, and 120 months each on the firearms offenses, all to run consecutively.

On appeal, Washington argues that the district court erred in finding that his counsel had a conflict of interest such that he could no longer represent Washington, and further erred in refusing to accept Washington's waiver of the conflict. A valid guilty plea waives all nonjurisdictional defects, including deprivation of constitutional rights occurring prior to the guilty plea. *Tollett v. Henderson,* 411 U.S. 258, 266–68, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *United States v. Willis,* 992 F.2d 489, 490 (4th Cir.1993). We therefore find these claims foreclosed by Washington's guilty plea.

Washington argues that the district court erred in sentencing him to consecutive rather than concurrent sentences, citing 18 U.S.C. § 3553(a) (2000), and *U.S. Sentencing Guidelines Manual* § 5G1.1(c) (1998). He concedes that he failed to object to the consecutive sentences in the district court.

Because Washington did not object to imposition of consecutive sentences, we review for plain error. Fed.R.Crim.P. 52(b). To meet the plain error standard, there must be: (1) error; (2) that was plain; that (3) affected Washington's substantial rights. *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). Washington bears the burden of showing prejudice. *United States v. Mackins,* 315 F.3d 399, 405–06 (4th Cir.), *cert. denied,* —— U.S. ——,123 S.Ct. 2099, 2626,

155 L.Ed.2d 1083 (2003). If these elements are established, a court of appeals should choose to correct the error if it seriously affected the fairness and integrity of judicial proceedings. *Id.* at 736, 113 S.Ct. 1770.

We conclude that Washington has not borne his burden of showing that sentencing consecutively, rather than concurrently, affected his substantial rights. Washington received a life sentence, and he has not specified how further consecutive sentences cause him harm. Therefore, we find no plain error on this ground.

We affirm Washington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED.*