UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

CARL WASHINGTON,
　　　　　*Defendant-Appellant.*

No. 02-4602

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CR-98-825)

Submitted: August 20, 2003

Decided: October 16, 2003

Before TRAXLER and GREGORY, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Strom Thurmond, Jr., United States Attorney, Jane
B. Taylor, Assistant United States Attorney, Columbia, South Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Carl Bernard Washington pled guilty to possession with intent to
distribute five kilograms or more of cocaine and fifty grams or more
of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000);
money laundering, in violation of 18 U.S.C.A. §§ 1956, 1957 (West
2000 & Supp. 2003); possession with intent to distribute 500 grams
or more of cocaine, having a prior conviction for a felony drug
offense, in violation of 21 U.S.C. § 841(a)(1); and two counts of pos-
session of a firearm by a convicted felon, in violation of 18 U.S.C.A.
§ 922(g) (West 2000 & Supp. 2003). He was sentenced to two life
terms on the drug counts, 240 months for money laundering, and 120
months each on the firearms offenses, all to run consecutively.

On appeal, Washington argues that the district court erred in find-
ing that his counsel had a conflict of interest such that he could no
longer represent Washington, and further erred in refusing to accept
Washington's waiver of the conflict. A valid guilty plea waives all
nonjurisdictional defects, including deprivation of constitutional
rights occurring prior to the guilty plea. *Tollett v. Henderson*, 411
U.S. 258, 266-68 (1973); *United States v. Willis*, 992 F.2d 489, 490
(4th Cir. 1993). We therefore find these claims foreclosed by Wash-
ington's guilty plea.

Washington argues that the district court erred in sentencing him
to consecutive rather than concurrent sentences, citing 18 U.S.C.
§ 3553(a) (2000), and *U.S. Sentencing Guidelines Manual* § 5G1.1(c)
(1998). He concedes that he failed to object to the consecutive sen-
tences in the district court.

Because Washington did not object to imposition of consecutive
sentences, we review for plain error. Fed. R. Crim. P. 52(b). To meet
the plain error standard, there must be: (1) error; (2) that was plain;

that (3) affected Washington's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Washington bears the burden of showing prejudice. *United States v. Mackins*, 315 F.3d 399, 405-06 (4th Cir.), *cert. denied*, 123 S. Ct. 2099, 2626 (2003). If these elements are established, a court of appeals should choose to correct the error if it seriously affected the fairness and integrity of judicial proceedings. *Id.* at 736.

We conclude that Washington has not borne his burden of showing that sentencing consecutively, rather than concurrently, affected his substantial rights. Washington received a life sentence, and he has not specified how further consecutive sentences cause him harm. Therefore, we find no plain error on this ground.

We affirm Washington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*