**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-5114**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOHN CLIVE FERGUSON, a/k/a Moshe Isreal,

Defendant - Appellant.

---

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Lacy H. Thornburg, District Judge. (CR-96-90)

---

Submitted: May 31, 2005                    Decided: July 11, 2005

---

Before WILKINSON, TRAXLER, and DUNCAN, Circuit Judges.

---

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

Charles Wyatt McKeller, Brevard, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Don D. Gast, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

John Clive Ferguson was found by a jury to be guilty of robbery and aiding and abetting the robbery in violation of 18 U.S.C. § 2 and § 1951(b)(3) (1994), which prohibits willfully and unlawfully obstructing, delaying and affecting commerce and the movement of articles in commerce by robbery, one count of using a firearm during and in relation to a crime of violence and aiding and abetting such use in violation of 18 U.S.C. §§ 2, 924(c)(1) (1994), and two counts of unlawfully possessing a shotgun in violation of 26 U.S.C. §§ 5845(a)(1), 5861(d) (1994).  On appeal, Ferguson contends the evidence was insufficient to support the three firearm convictions because the Government did not show the firearm in question was operable or readily restorable to operation.  Ferguson further argues his sentence was improper because the offense level was increased based upon facts not charged in the indictment or presented to the jury.  We affirm the convictions and vacate the sentence and remand for resentencing.

When reviewing a sufficiency-of-the-evidence claim, the verdict will be sustained "if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942).  "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d

- 2 -

849, 862 (4th Cir. 1996) (en banc). We note that with respect to convictions under § 924(c) or §§ 5845(a)(1), 5861(d), there is no requirement the Government establish the firearm in question be operable or readily operable. See United States v. Yannott, 42 F.3d 999, 1006 (6th Cir. 1994) (Sections 5845(a)(1), 5861(d)); United States v. Willis, 992 F.2d 489, 491 n.2 (4th Cir. 1993) (Section 924(c)); see also United States v. Jackson, 124 F.3d 607 (4th Cir. 1997) (it was sufficient if the Government showed the firearm at issue was made from a shotgun with a barrel less than 18 inches in length and not registered). Accordingly, we find sufficient evidence to support the three firearm convictions.

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 124 S. Ct. 2531 (2004) applies to the federal Sentencing Guidelines and the Guidelines are advisory rather than mandatory. Ferguson preserved the sentencing issue for appeal by arguing at sentencing that Blakely and the pending Booker applied in his case.

Ferguson's offense level for Counts 2, 4 and 5 was affected by an increase by two levels to Counts 4 and 5 because there was evidence the firearm's serial number was obliterated. This evidence was neither charged in the indictment nor submitted to the jury. Because the district court overruled Ferguson's objection to the enhancement and applied the Sentencing Guidelines

in a mandatory manner, the sentence must be vacated and remanded to the district court for resentencing.[*]

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a)(2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . .reasonable." Id. at 546-47.

Accordingly, we affirm the convictions and vacate the sentences and remand for resentencing consistent with the rule announced in Booker. We dispense with oral argument because the facts and legal contentions are adequately presented in the

---

[*]We note there is no error with respect to the 10 year consecutive sentence imposed on the conviction for Count 3 because this sentence is the minimum sentence required by statute for this offense.

materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART
