**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 07-4011**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY ANTONIO BARNER, a/k/a James Barner,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-01028-TLW)

—————————

Submitted:  August 10, 2007          Decided:  August 29, 2007

—————————

Before GREGORY and SHEDD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

D. Craig Brown, Florence, South Carolina, for Appellant.  Arthur Bradley Parham, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Antonio Barner pled guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 846 (2000), and was sentenced to 240 months in prison. Counsel for Barner has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging that he has found no meritorious issues for appeal, but stating as a possible ground the district court's denial of Barner's pro se motion to vacate his guilty plea and dismiss the indictment. Barner has filed a pro se supplemental brief alleging: (1) the district court erred in denying his pro se motion to vacate his guilty plea and to dismiss the indictment; (2) the district court erred in denying his motion to suppress a statement he made after entering into a proffer agreement with the Government; and (3) that he was denied effective assistance of counsel. Finding no error, we affirm.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for review. As to Barner's first two issues, we conclude Barner's guilty plea waived any claims with respect to antecedent non-jurisdictional defects.* See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Moreover, because it

---

*Barner did not reserve the right to appeal the denial of these motions in his plea agreement.

- 2 -

does not conclusively appear from the record that defense counsel failed to provide Barner with effective representation, Barner's claims of ineffective assistance of counsel are not cognizable on appeal. See United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999).

Finding no meritorious issues for appeal, we affirm Barner's conviction and sentence. This court requires that counsel inform Barner in writing of his right to petition the Supreme Court of the United States for further review. If Barner requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Barner. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED