**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 08-4709**

———————

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

PHILLIP ALPHONZA STRICKLAND,

                Defendant – Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh. Terrence W. Boyle,
District Judge. (5:07-cr-00078-BO-1)

———————

Submitted: April 16, 2009          Decided: April 20, 2009

———————

Before WILKINSON, NIEMEYER, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas N. Cochran, Assistant Federal Public Defender,
Greensboro, North Carolina, for Appellant.  Anne Margaret Hayes,
Assistant United States Attorney, Raleigh, North Carolina, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Alphonza Strickland pled guilty pursuant to a plea agreement to conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. § 846 (2006), and was sentenced to 120 months in prison. Counsel for Strickland has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), explaining that Strickland wishes to challenge the district court's order denying his motion to suppress an incriminating statement he gave to investigators, and he asks this court to allow him to withdraw from further representation. Strickland was provided notice of his right to file a supplemental pro se brief, but has not done so. The Government has declined to file a responsive brief. Finding no error, we affirm the district court's judgment.

In accordance with Anders, we have thoroughly reviewed the record and have found no meritorious issues for appeal. After a Fed. R. Crim. P. 11 hearing at which Strickland admitted his guilt and attested that his plea was knowing and voluntary, the district court heard counsel's argument regarding the 18 U.S.C. § 3553(a) (2006) factors and sentenced Strickland to the statutory mandatory minimum. See 21 U.S.C. § 841(b)(1)(A) (2006). Because Strickland's plea was not conditioned on his right to challenge the district court's order denying his suppression motion, we find that Strickland did not preserve his

2

right to challenge the ruling on appeal. <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993); Fed. R. Crim. P. 11(a)(2).

Having reviewed the record in this case and finding no meritorious issues for review, we affirm the district court's judgment. We deny counsel's motion to withdraw from representation at this juncture. This court requires that counsel inform Strickland, in writing, of the right to petition the Supreme Court of the United States for further review. If Strickland requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may then move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Strickland. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>