UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 99-4635

MATTHEW C. WYAND,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                   No. 99-4674

MATTHEW C. WYAND,
Defendant-Appellant.

Appeals from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
W. Craig Broadwater, District Judge.
(CR-99-2)

Submitted: March 31, 2000

Decided: September 15, 2000

Before NIEMEYER, MOTZ, and KING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Byron Craig Manford, Martinsburg, West Virginia, for Appellant.
Thomas Oliver Mucklow, Assistant United States Attorney, Martins-
burg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Matthew C. Wyand appeals his conviction entered on his guilty plea to distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) (1994), and a related firearms offense in violation of 18 U.S.C. § 924(c)(1) (1994). Wyand noted a timely appeal and his counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), in which he represents that there are no arguable issues of merit in this appeal. Nonetheless, in his brief, counsel addressed the possibility that the district court lacked jurisdiction over Wyand's offense because the investigation was carried out by state and local officials. Counsel also suggested that it may have been error for the prosecutor to pursue a conviction under 18 U.S.C.§ 924(c) when Wyand's sentence could have been enhanced for that conduct under the U.S. Sentencing Guidelines. See USSG § 2D1.1(b)(1) (Nov. 1998). Wyand filed a supplemental brief asserting that his conviction under 18 U.S.C. § 924(c) was not supported by sufficient evidence. Finding no merit to any of these claims of error, and discovering no other reversible error in our review of the record, we affirm the conviction and sentence.

Wyand's failure to raise before the district court the possibility that the district court lacked jurisdiction over his criminal offenses as a result of the fact that state and local officials carried out the investigation limits the scope of review to a search for plain error. See Fed. R. Crim. P. 52(b); United States v. Olano, 507 U.S. 725, 731-32 (1993). There is no plain error with respect to this contention because jurisdiction over the offenses is furnished by the statutes criminalizing the behavior, not by virtue of the investigating officials. See 18 U.S.C. § 924(c); 21 U.S.C. § 841. Moreover, this court has recently approved a program which directly involves numerous defendants investigated and arrested by state officials and ultimately prosecuted in federal court. See United States v. Nathan, 202 F.3d 230, 233 (4th Cir. 2000).

2

There was no plain error in the district court's failure to sua sponte decline to exercise jurisdiction over this criminal prosecution on this ground.

Similarly, there was no plain error in the district court's failure to force the prosecution to seek a sentencing enhancement rather than a conviction under 18 U.S.C. § 924(c) for Wyand's use of a gun during a drug trafficking offense. See United States v. Foote, 898 F.2d 659, 666 (8th Cir. 1990). Finally, a defendant who pleads guilty to violating § 924(c) relinquishes his right to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea. See United States v. Willis, 992 F.2d 489, 490-91 (4th Cir. 1993). Accordingly, by pleading guilty Wyand relinquished his right to challenge the sufficiency of the evidence presented as a factual basis for his guilty plea. See id. at 490. Moreover, Wyand accepted the guns as payment for the crack cocaine, however temporarily, and cannot now complain that the guns were not used in the drug transaction. Smith v. United States, 508 U.S. 223, 228-29 (1993); Bailey v. United States, 516 U.S. 137, 148 (1995).

As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all possible issues presented by this record and conclude that there are no non-frivolous grounds for this appeal. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (1994), this court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by the client to do so, counsel should prepare a timely petition for writ of certiorari, unless counsel believes that such a petition would be frivolous. In that case, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

Wyand's conviction is affirmed. The Government's motion to dismiss this appeal is denied and the motion to stay the briefing schedule is denied as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED