UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.

SAMUEL LeHENRI HILL,
          *Defendant-Appellant.*

No. 01-4903

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
William L. Osteen, District Judge.
(CR-01-168)

Submitted: June 20, 2002

Decided: June 28, 2002

Before MICHAEL and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Louis C. Allen, III, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Samuel LeHenri Hill appeals his 180-month sentence imposed pursuant to his conviction upon a guilty plea to one count of possession of a firearm by a felon in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), one count of possession with intent to distribute 26.4 grams of cocaine base in violation of 21 U.S.C.A. § 841 (West 1999 & Supp. 2002), and one count of carrying a firearm during a drug trafficking crime in violation of 18 U.S.C.A. § 924(c) (West 2000). Hill's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), raising one possible sentencing issue on appeal but stating that, in his view, there are no meritorious issues for appeal. Hill filed a pro se supplemental brief raising search and seizure issues and claiming innocence.

The presentence report reduced Hill's offense level by three points for acceptance of responsibility, but his sentence was increased above the Sentencing Guidelines range because the statutory minimum sentences required by the violations to which he pled guilty were greater than the Guidelines range. *See U.S. Sentencing Guideline Manual* § 5G1.1(b). Hill pled guilty and his plea constituted an admission of all material elements of the crime. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Likewise, a voluntary and intelligent plea forecloses review of allegations of antecedent constitutional deprivations. *See Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973); *Fields v. Attorney General of Maryland*, 956 F.2d 1290, 1294 (4th Cir. 1992).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Hill's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*