**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

KEVIN JEROME MORRIS,
*Defendant-Appellant.*

No. 01-4683

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-47)

Argued: December 6, 2002

Decided: January 17, 2003

Before LUTTIG and TRAXLER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Eric Jason Foster, LAW OFFICE OF RICK FOSTER, Asheville, North Carolina, for Appellant. Gretchen C.F. Shappert, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

The government charged Kevin Jerome Morris with various offenses in connection with a series of armed robberies in the Cleveland County, North Carolina area. Morris pleaded guilty to a single count of unlawful possession of a firearm in violation of 18 U.S.C.A. § 922(g)(1) (West 2000), but was acquitted by a jury of all remaining charges related to the robberies. The district court imposed a 96-month sentence, which Morris now appeals.

Morris first claims that the district court erred in denying his motion to withdraw his guilty plea because he possessed the gun in self defense. We review the district court's denial of a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). The defendant bears the burden of demonstrating a fair and just reason for the withdrawal. *See* Fed. R. Crim. P. 32(e); *see also Ubakanma*, 215 F.3d at 424. We have reviewed the record and, applying the factors relevant to determining whether the defendant has met this burden, we cannot conclude that the district court abused its discretion by denying the motion. *See United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991).

Morris next asserts that the government failed to prove the weapon he possessed traveled in interstate commerce. However, Morris's guilty plea constituted an admission of all material elements of the crime. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969); *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993). Because he pleaded guilty, Morris cannot challenge the sufficiency of the evidence providing the factual basis for his plea.

We vacate Morris's sentence, however, and remand to the district court for resentencing because of our inability to discern the basis for an increase in sentence. In the presentence report ("PSR"), the proba-

tion officer recommended a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4), with a 3-level reduction for acceptance of responsibility, resulting in a total offense level of 17. With 13 criminal history points, Morris was assigned a criminal history category of VI, and the applicable sentencing range was 51 to 63 months. The government objected to the PSR, contending that Morris should be given a 4-level enhancement under U.S.S.G. § 2K2.1(b)(5) because the firearm was used in connection with another felony. The government also filed a motion seeking an upward departure, arguing that Morris's criminal history did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes. *See* U.S.S.G. § 4A1.3.

At Morris's sentencing hearing, the government presented evidence in support of both the § 2K2.1(b)(5) enhancement and the § 4A1.3 upward departure. At the conclusion of the hearing, the district court recited the evidence presented by the government, assigned a total offense level of 21, and sentenced Morris to 96 months imprisonment. The court mentioned both the enhancement and the upward departure, but apparently did not grant both. Upon close scrutiny of the record, we cannot discern the basis for the court's sentencing decision.

Although the government's evidence may well support a four-level enhancement under § 2K2.1(b)(5) or an upward departure under § 4A1.3, Morris is entitled to know the basis for the increased sentence so that he has a fair opportunity to challenge the rationale that supports it. Likewise, we need clarity from the sentencing judge in order to permit adequate review of the court's application of the guidelines. If, as the government argues, the district court intended to grant the government's motion for an upward departure, the court must comply with the requirements of *United States v. Cash*, 983 F.2d 558 (4th Cir. 1992), which calls for a structured, incremental approach to departures. *Id.* at 561 nn. 6 & 7. Thus, when a district court decides to depart, it should "move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." *Id.* at 561; *see also United States v. Harrison*, 58

F.3d 115, 119 (4th Cir. 1995). Accordingly, we vacate the judgment and remand for resentencing.

*AFFIRMED IN PART, VACATED*
*IN PART, AND REMANDED*