**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                              No. 03-4038

TRAVIS RAYMARK GRATE,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the District of South Carolina, at Florence.
C. Weston Houck, Senior District Judge.
(CR-02-448)

Submitted: October 31, 2003

Decided: November 21, 2003

Before WILLIAMS, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

William F. Nettles, IV, Assistant Federal Public Defender, Florence, South Carolina, for Appellant. Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Travis Raymark Grate appeals from his convictions pursuant to a plea agreement to possession with intent to distribute at least five grams and less than 500 grams of cocaine base, in violation of 21 U.S.C. § 841(a) (2000), and possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). Grate was sentenced to consecutive terms of seventy and eighty-four months' imprisonment.

Counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), in which he raised two issues: (1) whether the magistrate judge complied with Rule 11 when he accepted Grate's guilty plea; and (2) whether the district court erroneously enhanced Grate's sentence pursuant to U.S.S.G. § 3C1.2 for reckless endangerment during flight. Grate filed a supplemental brief raising two additional issues for this Court's consideration. The first is whether the district court erred in enhancing Grate's sentence from five to seven years, where there was no evidence that Grate brandished the firearm in relation to a drug trafficking crime. The second is whether the district court erred in enhancing Grate's sentence twice for the same firearm, thereby engaging in impermissible double counting.

After reviewing the transcript of the plea proceeding, we conclude that the magistrate judge fully complied with the requirements of Rule 11 in accepting Grate's guilty plea.

Grate's presentence report recommended enhancing his guideline range under *U.S. Sentencing Guidelines Manual* § 3C1.2 (2002) for reckless endangerment during flight. Our review is de novo where the facts are undisputed. *United States v. Butner*, 277 F.3d 481, 488 (4th Cir.), *cert. denied*, 122 S. Ct. 2610 (2002). The enhancement applies if the defendant recklessly created a substantial risk of death or serious bodily injury to another while fleeing from a law enforcement officer. U.S.S.G. § 3C1.2. A defendant's conduct is reckless when he "was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk constituted a gross deviation from the standard of care that a reasonable person would exer-

cise in such a situation." *See* U.S.S.G. § 3C1.2, comment. (n.2); § 2A1.4, comment. (n.1). Running through a crowded parking lot, as Grate did, while holding a firearm and causing officers to draw their weapons is behavior demonstrating this kind of disregard for public safety and the safety of the officers. Likewise, discarding a weapon in a heavily trafficked area is also conduct creating a risk of serious bodily injury.

Grate also raises two issues in his pro se supplemental brief. First, he contends that he was improperly convicted under § 924(c) because there was insufficient evidence from which to conclude that he "brandished" the firearm in relation to the drug offense. He contends that because he never admitted at the plea hearing to brandishing his weapon or pointing his weapon at an officer, he has been improperly sentenced.

Grate did not raise this issue below, therefore review is for plain error. *See United States v. Olano*, 507 U.S. 725, 732 (1993). We find no plain error where Grate pled guilty to the indictment, which charged him with brandishing the firearm, and admitted at his plea colloquy to brandishing the firearm. Grate's guilty plea, the validity of which he has not challenged, precludes a challenge to the sufficiency of the evidence. *See United States v. Willis*, 992 F.2d 489, 490-91 (4th Cir. 1993).

Grate's second contention in his supplemental brief states that the district court impermissibly double counted because the district court both enhanced his sentence under U.S.S.G. § 3C1.2 for reckless endangerment and imposed the statutory mandatory minimum under § 924(c). The Guidelines do not prohibit imposition of a consecutive sentence under § 924(c) after enhancing the offense level on the underlying offense for reckless endangerment. *See United States v. Studifin*, 240 F.3d 415, 419-20 (4th Cir. 2001). Therefore, we affirm Grate's convictions and sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Grate's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client

requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*