**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4089

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VARDEN M. GRANDISON, a/k/a Verden M. Grandison,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Henry Coke Morgan, Jr., Senior District Judge. (CR-01-126)

Submitted: October 28, 2005        Decided: December 7, 2005

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Frank W. Dunham, Jr., Federal Public Defender, Michael S. Nachmanoff, Assistant Federal Public Defender, Frances H. Pratt, Research and Writing Attorney, Alexandria, Virginia, for Appellant. Paul J. McNulty, United States Attorney, Vincent L. Gambale, Assistant United States Attorney, Alexander Chizhik, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Varden M. Grandison appeals from the judgment of the district court convicting him, following a guilty plea, of driving as an habitual offender in violation of Va. Code Ann. § 46.2-357 (Michie 2000), as assimilated by 18 U.S.C. §§ 7, 13 (2000), and sentencing him to forty-eight months' imprisonment. Finding no error, we affirm.

First, we note the Government has moved to dismiss Grandison's appeal on the basis of the waiver of appellate rights contained in its plea agreement with Grandison. Our review of the plea agreement discloses that Grandison "knowingly waives the right to appeal any sentence." (J.A. at 34). Because the plea agreement precludes Grandison only from appealing his sentence, and not his conviction, and because the claim he seeks to raise relates only to his conviction, we deny the Government's motion.

Turning to the merits of Grandison's appeal, he claims the district court erred in accepting the Government's factual basis for his plea. Because Grandison failed to raise this claim before the district court, we review for plain error. See United States v. Olano, 507 U.S. 725, 732-34 (1993).

A knowing, voluntary, and intelligent guilty plea "conclusively establishes the elements of the offense and the material facts necessary to support the conviction," and furthermore "constitutes a waiver of all nonjurisdictional

defects." <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993). However, Grandison can raise on direct appeal the failure of the district court to develop on the record a factual basis for a plea as required by Rule 11(f) of the Federal Rules of Criminal Procedure. <u>See</u> <u>United States v. Mitchell</u>, 104 F.3d 649, 652 n.2 (4th Cir. 1997).

We conclude the district court adequately developed a factual record to support Grandison's plea. The record clearly reflects that Grandison operated a motor vehicle on a highway after having been declared an habitual offender. Although Grandison relies on a recent decision of this court, <u>see</u> <u>United States v. Smith</u>, 395 F.3d 516 (4th Cir. 2005), for the proposition that the roadway was not open to the public, we find <u>Smith</u> distinguishable. Unlike <u>Smith</u>, there is no evidence in the record suggesting that the highway Grandison was driving on was closed to the public. <u>See also</u> <u>United States v. Adams</u>, 426 F.3d 730 (4th Cir. 2005). In the absence of such evidence, we cannot conclude that the district court committed plain error in accepting Grandison's plea.

Accordingly, we affirm Grandison's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>