**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 05-5132**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JIMMY EUGENE PARKER, JR.,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. Frank W. Bullock, Jr., District Judge. (CR-05-158)

_____

Submitted: March 29, 2006          Decided: April 14, 2006

_____

Before MOTZ and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Kearns Davis, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Jimmy Eugene Parker, Jr. appeals his conviction for conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846 (2000), discharge of a firearm during a drug conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (2000). He received a 324 month prison sentence. Parker's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), certifying there are no meritorious issues for appeal. Parker has filed a pro se supplemental brief claiming actual innocence, ineffective assistance of counsel, and improper calculation of the sentencing guidelines. Finding no reversible error, we affirm.

Parker claims that he is actually innocent of discharging a firearm, despite his guilty plea pursuant to a plea agreement. Because Parker did not raise this issue below, we review it for plain error. United States v. Olano, 507 U.S. 725, 732-34 (1993). Parker admitted to police that he used a pistol to fire two bullets into the car of an associate who held drugs and money for him. The district court properly found a factual basis for the guilty plea and that he pled guilty knowingly and intelligently. As Parker's guilty plea was valid, he waived all antecedent nonjurisdictional defects, including claims of actual innocence. Tollett v.

Henderson, 411 U.S. 258, 266-67 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Parker claims his counsel was ineffective in negotiating the plea agreement and advising him to accept the plea agreement. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999). Our review of the record reveals that Parker has failed to meet the high burden necessary to raise ineffective assistance of counsel on direct appeal.

Parker claims the district court did not properly calculate his sentencing guideline range by using two prior felonies to enhance his sentence as a career offender. Parker met the requirements of a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2005), because he had a prior conviction for conspiracy to commit armed robbery and a prior conviction for assault inflicting serious bodily injury, both punishable by a term of imprisonment of over a year. The district court properly calculated Parker's sentence.

Parker finally claims that his sentence was unreasonable. After the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), a sentencing court is no longer bound by the range prescribed by the sentencing guidelines. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). However, in determining

a sentence post-<u>Booker</u>, sentencing courts are still required to calculate and consider the guideline range prescribed thereby as well as the factors set forth in 18 U.S.C. § 3553(a) (2000).  <u>Id.</u> We will affirm a post-<u>Booker</u> sentence if it is both reasonable and within the statutorily prescribed range.  <u>Hughes</u>, 401 F.3d at 546-47.

As Parker's 324 month prison sentence was within the properly calculated sentencing guideline range of 308 to 355 months' imprisonment, it is presumptively reasonable.  <u>United States v. Green</u>, 436 F.3d 449 (4th Cir. 2006).  Parker has not rebutted that presumption as the district court appropriately treated the guidelines as advisory, calculated and considered the guideline range, and weighed the relevant § 3553(a) factors.

Pursuant to <u>Anders</u>, we have examined the entire record and find no meritorious issues for appeal.  Accordingly, we affirm Parker's conviction and sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED