**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 06-4414**

─────────

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

          versus

FRANCISCO SANCHEZ-MONTERO,

                                        Defendant - Appellant.

─────────

Appeal from the United States District Court for the Western
District of North Carolina, at Asheville.  Lacy H. Thornburg,
District Judge.  (1:05-cr-00002-ALL)

─────────

Submitted:  December 15, 2006        Decided:  January 25, 2007

─────────

Before MOTZ, KING, and DUNCAN, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

R. Deke Falls, BARNETT & FALLS, Charlotte, North Carolina, for
Appellant.  Amy Elizabeth Ray, OFFICE OF THE UNITED STATES
ATTORNEY, Asheville, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Francisco Sanchez-Montero appeals the sentence imposed after he pleaded guilty, pursuant to a plea agreement, to one count of possession with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2006). The plea agreement included a stipulation that the base offense level was thirty-six, pursuant to U.S. Sentencing Guidelines Manual (USSG) § 2D1.1(c)(2) (2005). In determining the sentencing range, the probation officer recommended a base offense level of thirty-six pursuant to USSG § 2D1.1(c)(2), based on the plea agreement stipulation and the quantity of drugs seized from the vehicle driven by Sanchez-Montero. After a two-level reduction by application of the "safety valve" provision at USSG § 2D1.1(b)(7) and § 5C1.2, and a three-level reduction for acceptance of responsibility, Sanchez-Montero's total offense level was thirty-one. Sanchez-Montero had no prior criminal record, placing him in criminal history category I. The resulting sentencing range was 108 to 135 months. Sanchez-Montero did not object to the presentence report (PSR), but requested a variance from the Guideline sentencing range. The district court sentenced Sanchez-Montero to 120 months of imprisonment, five years of supervised release, and a $100 special assessment.

On appeal, counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), in which he states there are no meritorious issues for appeal, but questions whether Sanchez-Montero was convicted and sentenced for a crime that was not charged in the indictment. In a pro se supplemental brief, Sanchez-Montero repeats the argument raised by counsel, and asserts that, if he had been sentenced based on the drug type charged in the indictment, his base offense level would have been only thirty-two rather than thirty-six, and his sentencing range seventy to eighty-seven months rather than 108 to 135 months. The Government declined to file a brief.

Counsel and Sanchez-Montero suggest that he was charged with one type of crime, possession with intent to distribute a mixture containing a detectable amount of methamphetamine, but was convicted and sentenced for a different crime, possession with intent to distribute pure methamphetamine. None of the arguments raised on appeal were presented to the district court; therefore, we review only for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732 (1993) (discussing elements of plain error review). Sanchez-Montero's guilty plea waived any defects in the indictment not asserted before his plea. <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993). In this case, the indictment validly charged an offense and the magistrate judge conducted a thorough inquiry pursuant to Federal Rule of Criminal Procedure 11 that

verified that Sanchez-Montero's guilty plea was knowing and voluntary.

Moreover, Sanchez-Montero was convicted and sentenced within the terms of the applicable statutory provision, which punishes offenses that involve "50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers." 21 U.S.C.A. § 841(b)(1)(A)(viii) (West 1999 & Supp. 2006). In essence, then, Sanchez-Montero's argument reduces to a sentencing argument — that he was sentenced based on a drug quantity greater than that specified in the indictment. The PSR attributed a total of 1164 grams of pure methamphetamine to Sanchez-Montero based on laboratory analysis of the substance seized from his vehicle. Sanchez-Montero has never contested the quantity or purity of the methamphetamine found in the vehicle. This drug quantity, and the stipulation in the plea agreement, resulted in a base offense level of thirty-six, pursuant to USSG § 2D1.1(c)(2). Sanchez-Montero asserts that his base offense level should have been thirty-two, pursuant to USSG § 2D1.1(c)(4). We have previously rejected an argument similar to that asserted by Sanchez-Montero. United States v. Rusher, 966 F.2d 868, 879-80 (4th Cir. 1992).

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Sanchez-Montero's conviction and sentence. This court requires that counsel inform Sanchez-Montero, in writing, of the right to petition the Supreme Court of the United States for further review. If Sanchez-Montero requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sanchez-Montero. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>