**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5247**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RODNEY DANIEL MCLEOD,

Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Durham.  Frank W. Bullock, Jr.,
Senior District Judge.  (CR-05-59)

Submitted:  March 28, 2007          Decided:  April 25, 2007

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Joseph M. Wilson, Jr., BROWN, FLEBOTTE, WILSON, HORN & WEBB, PLLC,
Durham, North Carolina, for Appellant. Michael Francis Joseph,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Daniel McLeod pled guilty to Count One of his indictment to being a felon in possession of a weapon, under 18 U.S.C. § 922(g) (2000), and was sentenced to 120 months of imprisonment. On appeal, counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), alleging that there are no meritorious claims on appeal but raising the following issues, whether: (1) trial counsel provided ineffective assistance; (2) McLeod's § 922 conviction is invalid because, at the time, he could legally possess a weapon under state law; (3) McLeod's traffic stop for suspicion of driving-while-impaired violated his Fourth Amendment rights; (4) the state's dismissal of the driving-while-impaired and related charges precludes McLeod's § 922(g) conviction; (5) McLeod's statements to officers in December 2004 should have been suppressed; and (6) the district court erred by denying McLeod's motion to withdraw his guilty plea. For the reasons that follow, we affirm.

First, we find no ineffective assistance of counsel on direct appeal. United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (stating standard). To allow for adequate development of the record, generally claims of ineffective assistance should be brought in a 28 U.S.C. § 2255 (2000) motion. United States v. King, 119 F.3d 290, 295 (4th Cir. 1997).

- 2 -

We have rejected McLeod's second issue.  See id. at 292-93 (holding that North Carolina state statute permitting convicted felon to possess firearm in his home did not amount to restoration of defendant's civil rights for purposes of precluding § 922(g) violation).  Moreover, by pleading guilty, McLeod has waived this issue.  United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects.").

McLeod's third issue also fails as it has been waived by virtue of his guilty plea.  See id.  That the state dropped its charges against McLeod, as alleged in the fourth claim, is irrelevant because a federal prosecution is not barred by a state prosecution for the same offense.  Abbate v. United States, 359 U.S. 187, 194 (1959); United States v. Christmas, 222 F.3d 141, 145 (4th Cir. 2000).  McLeod's fifth claim is without merit as his statements made to police in December 2004 related only to the dismissed count of his indictment.  Finally, we find no abuse of discretion in the district court's denial of McLeod's motion to withdraw his guilty plea.  United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (stating review standard).

We have examined the entire record in this case in accordance with the requirements of Anders, including the issues raised in McLeod's pro se supplemental brief, and find no meritorious issues for appeal.  Accordingly, we affirm.  We also

deny McLeod's motions to relieve his counsel and strike counsel's brief and counsel's motion to withdraw. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>