UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4169

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

COLIN F. GORDON, a/k/a Big Daddy, a/k/a Christopher A. Donald,
a/k/a Daddy,

            Defendant - Appellant.

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville. James H. Michael, Jr.,
Senior District Judge. (CR-04-23)

Submitted: June 13, 2008            Decided: September 3, 2008

Before TRAXLER, KING, and GREGORY, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

Neal L. Walters, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, APPELLATE
LITIGATION CLINIC, Charlottesville, Virginia; Jeremy N. Snyder,
Taylor J. Phillips, Third Year Law Students, Charlottesville,
Virginia, for Appellant. John L. Brownlee, United States Attorney,
Nancy S. Healey, Assistant United States Attorney, Charlottesville,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Colin F. Gordon pled guilty, without benefit of a plea agreement, to illegal reentry to the United States after having been deported and removed, in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). Gordon thereafter pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. § 846 (2000); and use or possession of one or more firearms during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). Gordon was sentenced to a total of 480 months' imprisonment,[1] and he timely appealed. For the following reasons, we affirm.

On appeal, Gordon's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating there are no

---

[1]The district court's written judgment reflects a 420-month term on the § 846 count and a 240-month term on the § 1326 count, to run concurrently, as well as a sixty-month term on the § 924 count, to run consecutively. According to the sentencing hearing transcript, the district court announced a 240-month term for the § 846 count, to run concurrently with the 240-month term for the § 1326 count, as well as the consecutive sixty-month sentence on the § 924 count. However, the sentencing transcript clearly indicates the district court's intention to sentence Gordon to a total of 480 months' imprisonment, and the court's Statement of Reasons adopts the presentence report without change, including its recommendation of 360 months to life imprisonment on the § 846 count. It therefore appears beyond dispute that the court's oral pronouncement of a 240-month sentence on the § 846 count was an inadvertent slip-of-the-tongue. Accordingly, because an actual ambiguity does not exist concerning the imposition of sentence, the rule of leniety is inapplicable. See United States v. Fisher, 58 F.3d 96, 99 (4th Cir. 1995).

meritorious issues for appeal. Counsel suggests, however, that the district court may have erred in denying Gordon's motion to suppress and in ordering Gordon's sentence. Gordon advanced similar arguments in his pro se supplemental brief; in addition, he alleged he received ineffective assistance of counsel. In its letter notifying this court that it would decline to file a brief, the government contended that both the suppression and sentencing issues were foreclosed by the plea agreement corresponding to Gordon's second guilty plea.

Gordon's suppression motion applied to the §§ 846 and 924 counts, to which he pled guilty with a waiver of appellate rights. Rule 11(a)(2) of the Federal Rules of Criminal Procedure requires the consent of the court and the government in order for a defendant to enter a conditional plea of guilty and reserve his right to appeal an adverse determination of a pretrial motion. If the requirements of Rule 11(a)(2) are not met, the defendant is foreclosed from appealing non-jurisdictional defects, including the denial of a motion to suppress. Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993). Because Gordon has not met the requirements for Rule 11(a)(2), we find that Gordon is foreclosed from appealing the denial of his motion to suppress.

Gordon also waived his right to appeal sentencing issues in the plea agreement. At Gordon's second guilty plea hearing, to

which the plea agreement is applicable, the district court explicitly noted the agreement's appellate waiver provisions and Gordon reaffirmed his agreement to them. We conclude the waiver is valid and enforceable and that the Sixth Amendment issues raised on appeal fall within the scope of the waiver. See United States v. Blick, 408 F.3d 162, 169-73 (4th Cir. 2005) (holding that waiver of right to appeal in plea agreement entered into before United States v. Booker, 543 U.S. 220 (2005), was not invalidated by change in law effected by that case and that Booker error fell within scope of waiver).

Gordon's claims regarding the § 1326 offense are not encompassed by the appellate waiver. Counsel asserted for the first time on appeal that the criminal judgment for Gordon's illegal reentry conviction should be vacated because the Government violated the Vienna Convention by allegedly not affording Gordon, a Jamaican national, the opportunity to consult with the Jamaican Consulate following his arrest.[2] We appointed amicus counsel on Gordon's behalf and directed the parties to submit supplemental briefs addressing whether the Vienna Convention creates individually enforceable rights cognizable on plain error review.

---

[2]Under the Vienna Convention, when a foreign national has been arrested, imprisoned, or taken into custody and he so requests, the arresting government shall inform his local consular post of his arrest, and he shall be permitted to communicate with the consular officials. Vienna Convention on Consular Relations, Apr. 24, 1963, art. 36, 21 U.S.T. 77, 101.

Because Gordon did not raise the Vienna Convention issue in district court, it is reviewed for plain error. <u>United States v. Olano</u>, 507 U.S. 725, 732-34 (1993). Under the plain error standard, Gordon must show: (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. <u>Id.</u> If these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." <u>Id.</u> at 736 (internal quotation marks omitted). After reviewing the available published caselaw on the issue and the applicable district court materials pertaining to Gordon's illegal reentry conviction and sentence,[3] we find that Gordon fails to satisfy this standard.

Finally, with respect to Gordon's pro se ineffective assistance of counsel claim, such claims are not cognizable on direct appeal unless the record conclusively establishes

---

[3]Although Gordon's waiver of appellate rights did not encompass the sentence corresponding to his illegal reentry conviction, Gordon fails to demonstrate the district court abused its discretion. <u>See</u> <u>Gall v. United States</u>, 128 S. Ct. 586, 597 (2007). Gordon's 240-month sentence for this offense was imposed concurrent to the 420-month sentence for the § 846 offense. Therefore, Gordon's substantial rights were not affected by the 240-month concurrent term. <u>See</u> <u>United States v. Ellis</u>, 326 F.3d 493, 599-600 (4th Cir. 2003) (holding that sentence exceeding statutory maximum by twenty years did not affect substantial rights because defendant received equal or longer concurrent sentences on other counts); <u>United States v. Burns</u>, 298 F.3d 523, 544-45 (6th Cir. 2002) (holding that sentencing error did not affect defendants' substantial rights because error did not result in longer term of imprisonment).

ineffective assistance.  <u>United States v. Richardson</u>, 195 F.3d 192, 198 (4th Cir. 1999).  To allow for adequate development of the record, claims of ineffective assistance generally should be brought in a 28 U.S.C. § 2255 (2000) motion.  <u>United States v. King</u>, 119 F.3d 290, 295 (4th Cir. 1997).  We find that, because the record does not conclusively establish ineffective assistance, Gordon's claim is not cognizable on direct appeal.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm in part and dismiss in part.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART;</u>
<u>DISMISSED IN PART</u>

-6-