**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-5131**

UNITED STATES OF AMERICA,

                Plaintiff – Appellee,

        v.

ANTONIO MOSCOL,

                Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Fox, Senior District Judge.  (5:07-cr-00003-F-1)

Submitted:  September 15, 2008      Decided:  October 8, 2008

Before MICHAEL and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

R. Clarke Speaks, SPEAKS LAW FIRM PC, Wilmington, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On January 3, 2007, Antonio Moscol was charged with two counts of distribution of cocaine base, in violation of 21 U.S.C.A. § 841(b) (West 2000 & Supp. 2008). The dates of offense were June 8, 2006 and June 28, 2006, respectively. Moscol pled guilty, without the benefit of a plea agreement, on March 5, 2007. However, on August 30, 2007, Moscol filed a motion to withdraw his guilty plea. On October 19, 2007, the district court entered an order denying Moscol's motion. On November 19, 2007, the district court sentenced Moscol to 108 months' imprisonment on both counts to be served concurrently. Moscol timely noted his appeal.

Moscol first argues on appeal that the district court erred in denying his motion to withdraw his guilty plea. According to Moscol, it was unreasonable for the district court to deny his motion to withdraw his guilty plea because there was uncertainty regarding the quantity of crack he sold and because the Government would not have suffered prejudice had his motion been granted. Moscol's claim is without merit.

This court reviews a district court's refusal to allow a defendant to withdraw a guilty plea for abuse of discretion. United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant may withdraw a guilty plea before his sentence is imposed if "the defendant can show a fair and just reason for

2

requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). Six factors to be considered in granting or denying a motion to withdraw a guilty plea are:

> (1) whether the defendant has offered credible evidence that his plea was not knowing and voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

This court closely scrutinizes the Rule 11 colloquy and attaches a strong presumption that the plea is final and binding if the Rule 11 proceeding is adequate. United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). A voluntary and intelligent plea of guilty "is an admission of all the elements of a formal criminal charge . . . and constitutes an admission of all material facts alleged in the charge." United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) (quotations omitted).

Prior to accepting Moscol's guilty plea, the district court conducted a thorough Rule 11 hearing, during which the district court explained to Moscol the elements of the two counts in the indictment and the potential penalties Moscol faced upon conviction. Moscol indicated to the court that he

3

understood the elements of the offenses and the potential penalties he faced. The district court then asked Moscol whether he distributed more than five grams of crack on June 8 and 28, 2006, to which Moscol replied in the affirmative.

In the district court, Moscol had argued that, although he received the first measurement of drug weight taken by the Raleigh Police Department ("RPD") and the measurement of drug weight taken by the City County Bureau of Identification ("CCBI") prior to pleading guilty, he would not have pled guilty if he had received a second measurement of drug weight conducted by the RPD. The district court properly characterized Moscol's argument as "specious." The minor discrepancies reflected by the final RPD measurements had no bearing on Moscol's guilt or innocence as they were not material to any element of his crimes. Also, the drug weight discrepancies did not affect his statutory sentencing range, which was determined by the threshold quantities alleged in the indictment and admitted by Moscol, rather than the quantities as measured by the RPD and CCBI. Finally, the last measurements by the RPD had no effect on Moscol's sentencing guidelines range as the district court used the lower and more accurate measurements taken by the CCBI

in calculating Moscol's advisory guidelines range.[1]  Accordingly, Moscol's claim is without merit.[2]

Moscol next argues that there was insufficient evidence to support the district court's determination of drug weight.  A district court's determination of drug quantity is a factual finding, which this court reviews for clear error.  United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004).  This deferential standard of review requires reversal only if this court is "left with the definite and firm conviction that a mistake has been committed."  United States v. Stevenson, 396 F.3d 538, 542 (4th Cir. 2005)(quoting Anderson v. Bessemer City, 470 U.S. 564, 573 (1985)).  Agent Bommer testified that she weighed the crack sold by Moscol without its packaging and using calibrated scales and that the drugs weighed 27.9 grams and 25.7 grams respectively.  The district court was entitled to credit her testimony.  Moreover, Moscol's entire argument on appeal is

---

[1]CCBI forensic chemist Amy Bommer testified that in most cases, the weight as measured by the police does not equal the weight determined by the CCBI because officers who initially take possession of the drugs usually weigh them in their packaging and do not use properly calibrated scales.  According to Agent Bommer's testimony, the differences in weight are easily attributable to the fact that Bommer did not weigh the drugs in their packaging, and she used a certified and properly calibrated scale.

[2]The Government, in its written response to Moscol's motion, admitted that it would not suffer significant prejudice if Moscol's motion were granted.

based on what may have occurred rather than on facts in the record. Accordingly, his claim is without merit. We therefore deny his motion to supplement his appellate brief and his motion to file a pro se supplemental brief and affirm the judgment of the district court. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED