**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 08-4571**

───────────

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

     v.

LEONARDO WELLS, a/k/a Lee,

            Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   J. Frederick Motz, District Judge.
(1:06-cr-00128-JFM-1)

───────────

Submitted:  February 20, 2009        Decided:  March 16, 2009

───────────

Before KING and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Donald Kaplan, Baltimore, Maryland, for Appellant.  James Thomas
Wallner, Assistant United States Attorney, Baltimore, Maryland,
for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a plea agreement, Leonardo Wells pled guilty to conspiracy to distribute 500 grams or more of cocaine. He was sentenced to 108 months in prison. Wells now appeals. His attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether the indictment was defective and the sentence reasonable but concluding that there are no meritorious issues for appeal. Wells has filed a pro se supplemental brief. We affirm.

Wells stipulated in his plea agreement that "it was reasonably foreseeable to the Defendant . . . that the conspiracy distributed and possessed with the intent to distribute 5 kilograms but less than 15 kilograms of cocaine." He contends on appeal that the indictment should have specifically charged him with this amount of the drug.

Defects in an indictment are not jurisdictional. United States v. Cotton, 535 U.S. 625, 631 (2002). Further, Wells' valid guilty plea waived this claimed non-jurisdictional defect. See Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993).

Wells also claims that his sentence must be vacated because the district court stated at sentencing that his offense level was 29. Based on the totality of the record, however, it is clear that the court simply misspoke. First, the plea

agreement forecast that Wells' base offense level would be 32, two levels would be added based on his role in the offense, and three levels subtracted based on acceptance of responsibility. These calculations yield a total offense level of 31. Second, at the Fed. R. Crim. P. 11 hearing, the district court repeated these calculations and added that they brought "the guidelines . . . to a 31."[*] Finally, the court stated at sentencing that 108 months was "at the low end" of the guideline range of 108-135 months; had the total offense level been 29, 108 months would have been the top of the range.

Finally, we conclude that Wells' sentence was procedurally and substantively reasonable. He was sentenced within the statutory range of five to forty years. See 21 U.S.C. § 841(b)(1)(B) (2006). Additionally, his guideline range was correctly calculated, the guidelines were treated as advisory, the district court considered the 18 U.S.C. § 3553(a) (2006) factors, and the court adequately stated its reasons for imposing sentence. See Gall v. United States, 128 S. Ct. 586, 597 (2007); United States v. Pauley, 511 F.3d 468, 473-74 (4th Cir. 2007).

We have examined the entire record in this case in accordance with the requirements of Anders, and we find no

---

[*] Wells was in criminal history category I.

3

meritorious issues for appeal. Accordingly, we affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED