**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 11-4173**

─────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEONEL DAMIAN BRAVO, a/k/a Leonel Damion Bravo,

Defendant - Appellant.

─────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:10-cr-00039-NCT-1)

─────────

Submitted:  October 19, 2011          Decided:  October 31, 2011

─────────

Before WILKINSON, MOTZ, and DIAZ, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Milton Bays Shoaf, ADDISON & SHOAF, Salisbury, North Carolina, for Appellant.  Michael Francis Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Damian Bravo pled guilty to possession with intent to distribute marijuana, 21 U.S.C. § 841(a)(1) (2006), and carrying and using firearms during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i) (2006). Bravo was sentenced to eleven months for the drug offense and sixty months, consecutive, for the firearms offense. He now appeals. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but stating that there are no meritorious issues for appeal. Bravo was advised of his right to file a pro se brief but has not filed such a brief. We affirm.

Bravo first claims that the evidence was insufficient to support his guilty plea to the firearms offense. Upon review, we conclude that, by pleading guilty, Bravo waived his right to contest the sufficiency of the evidence underlying the conviction. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges.") (internal citation and quotation marks omitted).

Bravo also contends that his sentence is unreasonable because it is disproportionately high when compared with similarly situated defendants who have committed similar

2

offenses. We note that the eleven-month sentence for the drug offense falls within Bravo's advisory Guidelines range of 8-14 months. This is strong evidence that there was no sentencing disparity. See United States v. Johnson, 445 F.3d 339, 343 (4th Cir. 2006) ("[B]y devising a recommended sentencing range for every type of misconduct and every level of criminal history, the Guidelines as a whole embrace 'the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct.'"). Further, Bravo received a consecutive sixty-month sentence for the firearms offense, as was statutorily required. See 18 U.S.C. § 924(c)(1)(D)(ii). We accordingly reject his claim of sentencing disparity. Further, having considered the record, including the presentence investigation report and the sentencing transcript, we conclude that Bravo's sentence is procedurally and substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Lynn, 592 F.3d 572, 575-6 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record for meritorious issues and have found none. We therefore affirm. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition

3

would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4