**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4625**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

ELIAZAR GUZMAN DOMINGUEZ, a/k/a CHI,

              Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:15-cr-00083-NCT-1)

Submitted: October 11, 2016          Decided: November 8, 2016

Before GREGORY, Chief Judge, and WILKINSON and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lisa S. Costner, LISA S. COSTNER, P.A., Winston-Salem, North Carolina, for Appellant. Randall Stuart Galyon, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eliazar Guzman Dominguez pled guilty to conspiracy to distribute cocaine hydrochloride, in violation of 21 U.S.C. §§ 841(b)(1)(C), 846 (2012). The district court sentenced Dominguez to 108 months' imprisonment, and he now appeals. Appellate counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal. Dominguez has filed a pro se supplemental brief, asserting that his guilty plea was coerced, the evidence was insufficient to establish his guilt, he was entrapped by the police, his sentence was procedurally unreasonable, and his appellate counsel was ineffective.

Turning first to Dominguez's argument that he was coerced into pleading guilty, because he did not seek to withdraw his guilty plea, the acceptance of his plea is reviewed only for plain error. United States v. Aplicano-Oyuela, 792 F.3d 416, 422 (4th Cir. 2015). We conclude that no reversible error occurred in the acceptance of Dominguez's guilty plea. In conducting the plea colloquy, the court complied with every requirement of Fed. R. Crim. P. 11, thereby raising a "strong presumption that the plea is final and binding." United States v. Nicholson, 676 F.3d 376, 384 (4th Cir. 2012). Furthermore, although Dominguez asserts that counsel scared him into accepting the guilty plea, Dominguez provides no facts

2

supporting his assertion. To the contrary, Dominguez informed the district court on more than one occasion that his plea was given voluntarily and absent any coercion. Given the thorough plea colloquy and Dominguez's sworn statements that he was not coerced into pleading guilty, no plain error occurred in the acceptance of his guilty plea.

We further conclude that Dominguez waived his claims of insufficient evidence and entrapment by pleading guilty. See United States v. Willis, 992 F.2d 489, 490 (4th Cir. 1993) ("[A] guilty plea constitutes a waiver of all nonjurisdictional defects, including the right to contest the factual merits of the charges.") (citations and internal quotation marks omitted).

Dominguez next argues that his sentence was procedurally unreasonable. "Procedural errors include 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence — including an explanation for any deviation from the Guidelines range.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).

Dominguez argues that the district court erred in relying on a prior conviction in determining his criminal history score and relied on erroneous facts in determining drug quantity.

3

Because Dominguez did not object to the calculation of his criminal history category or offense level, those calculations are reviewed for plain error. United States v. McLaurin, 764 F.3d 372, 388 (4th Cir. 2014).

Dominguez argues that his North Carolina conviction for possession of cocaine was not a felony, but the Sentencing Guidelines provide that misdemeanor offenses are counted when computing a defendant's criminal history, subject to certain exceptions not applicable here. U.S. Sentencing Guidelines Manual § 4A1.2(c) (2014). Thus, the conviction in question was properly counted toward his criminal history and the district court did not plainly err in determining Dominguez's criminal history category. Furthermore, the uncontroverted evidence supports the district court's determination that Dominguez was accountable for 20 kilograms of cocaine, and the district court therefore properly calculated Dominguez's Guidelines range. We thus conclude that the sentence was procedurally reasonable.

Finally, Dominguez argues that his appellate counsel was ineffective.

> It is well established that a defendant may raise a claim of ineffective assistance of counsel in the first instance on direct appeal if and only if it conclusively appears from the record that . . . counsel did not provide effective assistance. Otherwise, he must raise his claim in the district court by a collateral challenge pursuant to 28 U.S.C. § 2255.

United States v. Galloway, 749 F.3d 238, 241 (4th Cir. 2014) (brackets and internal quotation marks omitted). The record on appeal does not meet this demanding standard; Dominguez's claim should therefore be raised, if at all, in a § 2255 motion.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Dominguez's conviction and sentence. This court requires that counsel inform Dominguez, in writing, of the right to petition the Supreme Court of the United States for further review. If Dominguez requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Dominguez.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED